THE STATE OF KANSAS, *on the relation of J. B. Naylor, County Attorney,* v. THE DODGE CITY, MONTEZUMA & TRINIDAD RAILWAY COMPANY *et al.*

RAILROAD COMPANY—*Right to Tear up Track—Injunction by State.* The roadbed and superstructure of a railroad built under a charter obtained in accordance with the laws of this state are charged, not only in the hands of the original corporation, but of purchasers as well, with the burden of the company's charter obligations, and cannot be diverted from the purpose to which it was devoted, nor relieved from this burden without the consent of the state, duly expressed by the legislature or other competent authority.

## *Error from Gray District Court.*

ACTION by *The State,* on the relation of *J. B. Naylor,* county attorney, against *The Dodge City, Montezuma & Trinidad Railway Company,* and others, to obtain an injunction. A temporary injunction was refused, and plaintiff brings error.

*Milton Brown,* and *J. B. Naylor,* for plaintiff in error:

From *St. J. & D. C. Rld. Co. v. Ryan,* 11 Kas. 602, 609; *The State, ex rel., v. Bridge Co.,* 22 id. 438; *Greeley Township v. Comm'rs of Saline Co.,* 26 id. 510; and *City of Eudora v. Miller,* 30 id. 494, the conclusion seems to be irresistible, that when a corporation avails itself of the sovereign power of the state for the purpose of constructing a *quasi*-public highway with the object of profits, it places itself and that which it constructs by virtue of the exercise of the sovereign power of the state within the control of the state as a *quasi*-public institution. The railroad company's right-of-way becomes a highway by dedication. Chief Justice HORTON, in the Lawrence bridge case (22 Kas. 438), expressly decided that said bridge was a public highway, and on page 462 used this significant statement, to wit:

"In this condition of affairs, the public have some rights in the continuance of the bridge or highway in its present position. . . . The bridge being an extension of the

highway over the Kansas river, and a part of the public highway, is not the property of the stockholders of the late corporation, but is a public road which every citizen has the right to use. . . . They cannot obstruct it, or collect tolls, or remove or otherwise interfere with it."

And in that case this court granted a perpetual injunction.

See, also, *City of Potwin Place v. Topeka Rly. Co.*, 51 Kas. 609.

The opinion of the court was delivered by

ALLEN, J.: This action was instituted by the county attorney of Gray county, in the name of the state, to restrain the defendant from tearing up and removing the track, ties and iron from that part of the roadbed of the Dodge City, Montezuma & Trinidad railroad in Gray county. A restraining order was granted by the district judge, to continue in force until December 22, 1893, which time was fixed for hearing the application for a temporary injunction. A hearing was had at that time, and the temporary injunction was denied. The plaintiff brings the case here for review.

While the title to a completed railroad is vested in the corporation, it is only private property in a qualified sense. Railroads, like all other public thoroughfares, are public instrumentalities. The power to construct and maintain railroads is granted to corporations for a public purpose. The right to exercise the very high attributes of sovereignty, the power of eminent domain and of taxation, to further the construction of railways, could not be granted to aid a purely private enterprise. The railway corporation takes its franchises subject to the burden of a duty to the public to carry out the purposes of the charter. The road, when constructed, becomes a public instrumentality, and the roadbed, superstructure and other permanent property of the corporation are devoted to the public use. From this use neither the corporation itself, nor any person, company or corporation deriving its title by purchase, either at voluntary or judicial sale, can divert it without the assent of the state. It matters

not whether the enterprise as an investment be profitable or unprofitable, the property may not be destroyed without the sanction of that authority which brought it into existence. Without legislative sanction, railroads could not be constructed. When once constructed, they may only be destroyed with the sanction of the state. The legislature unquestionably has the power to authorize the abandonment of railroads when they cease to be of public utility. It may be, also, that in an action prosecuted by the attorney general, on behalf of the state, to forfeit the charter and wind up the affairs of a railroad corporation, for any proper cause, the court might make all necessary orders for the disposition of the property of the company; but in this case the state appeared, by the county attorney of the county in which the road was located, protesting against the removal of the superstructure of the road. The court erred in refusing the injunction asked.

The general propositions stated above are abundantly supported by authority: *E. & N. E. Rld. Co. v. Casey*, 26 Pa. 287; *The State v. S. C. & T. Rld. Co.*, 7 Neb. 357; *People v. L. & N. Rld. Co.*, 10 N. E. Rep. (Ill.) 657; *Railroad Comm'rs v. P. & O. C. Rld. Co.*, 63 Me. 269; *Railway Co. v. Mining Co.*, 68 Ill. 489; *Gates v. Railroad Co.*, 53 Conn. 333; *Thomas v. Railroad Co.*, 101 U. S. 71; *Railroad Co. v. Winans*, 17 How. 30; *Pierce v. Emery*, 32 N. H. 484; *People v. N. Y. C. & H. R. Rld. Co.*, 28 Hun, 543.

These views are also in accordance with prior decisions of this court: *Comm'rs of Leavenworth Co. v. Miller*, 7 Kas. 479; *St. J. & D. C. Rld. Co. v. Ryan*, 11 id. 603; *The State, ex rel., v. Bridge Co.*, 22 id. 438; *City of Potwin Place v. Topeka Rly. Co.*, 51 id. 609.

We have decided this case on what appears in the record, without reference to facts developed on the hearing of other cases relating to the same railroad company, which may deprive the plaintiff of any substantial benefit from the decision in this case. The order of the district court, refusing the temporary injunction, is reversed.

All the Justices concurring.