## LUCKING v. DETROIT & CLEVELAND NAVIGATION COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 212. Argued March 11, 12, 1924.—Decided May 26, 1924.

1. A suit by a past and prospective passenger and shipper to compel continued operation of a steamboat route as a service required by the Act to Regulate Commerce, *held* within the jurisdiction of the District Court as one arising under the laws of the United States. P. 349.

2. A corporation organized under the Michigan Commerce and Navigation Act of 1867; c. 181, Comp. Laws 1897, to operate steamboats, no particular route being designated, and which had no power of eminent domain or special privilege respecting its business, *held* free, under the law of Michigan, in the absence of any restraining contract, to abandon operation of one of its routes. *Id.*

3. A common carrier by water owes no common law duty not to cease operating its boats. P. 350.

4. The duty of an interstate carrier by water under § 1, subdiv. (4) of the amended Interstate Commerce Act, to furnish transportation upon reasonable request, does not oblige it to continue operation of boats on a particular route; and § 1, subdiv. (18) of the Commerce Act, concerning abandonment, relates only to railroads. P. 351.

284 Fed. 497, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree of the District Court which dismissed, on the merits, a bill brought by the appellant to compel the appellee to continue operating a line of steamboats.

*Mr. William Lucking* for appellant.

This Court may grant plaintiff full relief, whether the right thereto is based upon the provisions of the Interstate Commerce Act or upon the common-law right to compel a carrier to perform its duties, or upon a statute of Michigan. *Greene* v. *Louisville & Interurban R. R. Co.,* 244 U. S. 499; *Siler* v. *Louisville & Nashville R. R. Co.,* 213 U. S. 175; *Ohio Tax Cases,* 232 U. S. 576.

A common carrier by water is charged with the same obligations and duties as any other carrier. *The Maggie Hammond,* 9 Wall. 435; *The Lady Pike,* 21 Wall. 1; *The Niagara,* 21 How. 7; *Citizens Bank* v. *Nantucket Steamboat Co.,* 2 Story, 16.

The defendant is a common carrier, partly by railroad and partly by water, within the meaning of the Interstate Commerce Act, and is as specifically within the terms of that act as any other carrier named therein. *Interstate Commerce Comm.* v. *Goodrich Transit Co.,* 224 U. S. 194; *Pipe Line Cases,* 234 U. S. 548; *Stevens* v. *Telephone Co.,* 240 Fed. 759; *United States* v. *Union Stock Yard Co.,* 226 U. S. 286; *Pennsylvania Co.* v. *United States,* 236 U. S. 351; *Alaska S. S. Co.* v. *Association,* 236 Fed. 964.

That the appellee is clearly within the terms of the Interstate Commerce Act is shown by the different amendments to the act. *Pennsylvania Co.* v. *United States,* 236 U. S. 351; *Chicago, etc. Ry. Co.* v. *Hardwick Elevator Co.,* 226 U. S. 426; *Ellis* v. *Interstate Commerce Comm.,* 237 U. S. 434; *Pacific S. S. Co.* v. *Railroad Co.,* 251 Fed. 218.

Common carriers are often compelled to operate branch lines where the public necessity therefor appears.

That defendant enjoyed no right of eminent domain from the State of Michigan, does not relieve it from its duty to afford the public an admittedly necessary transportation service.

The public importance and necessity for this service cannot be doubted.

*Mr. Alexis C. Angell,* with whom *Mr. James Turner, Mr. Clifton G. Dyer* and *Mr. James B. Angell* were on the brief, for appellee.

MR. JUSTICE BUTLER delivered the opinion of the Court.

March 25, 1921, appellant filed his complaint in the District Court for the Eastern District of Michigan, praying a mandatory injunction to compel appellee to operate its steamboats, Alpena II and Mackinac II, on the Detroit and Mackinac route in the navigation season of that year, as it had done in prior years.

Appellee is a corporation organized under the laws of Michigan, and has long been a common carrier of passengers and freight for hire on steamboats operated by it between Detroit, Michigan, and Cleveland, Ohio, between Detroit and Buffalo, New York, and between Detroit and Mackinac Island, Michigan. For many years, by arrangement with carriers by rail, it had carried some passengers and freight under joint lake and rail tariffs providing for continuous carriage, partly by railroad and partly by

water, to and from various ports reached by its steamers, and to and from points on lines of carriers by railroad. Appellee proposed to discontinue service on the route between Detroit and Mackinac Island. The complaint alleged that appellant had been in the past, and that he desired to become, in the season of 1921 and thereafter, a passenger and a shipper of freight on appellee's steamers on the Detroit and Mackinac route. It further alleged that it was appellee's duty to provide and furnish transportation for passengers and property during that season and thereafter over the route above named, and that to abandon such service would violate the Act to Regulate Commerce, as amended, and particularly subdivisions (1) (a), (3) and (4) of § 1. Appellee moved to dismiss the complaint on the ground that the court was without jurisdiction, and that appellant was not entitled to the relief prayed. The District Court held that the suit involved a federal question and was within its jurisdiction; and, on the merits, decided that appellant was not entitled to relief and dismissed the complaint. 273 Fed. 577. The Circuit Court of Appeals affirmed the decree. 284 Fed. 497. The case is here on appeal under § 241 of the Judicial Code.

On the allegations of the complaint, the suit is one arising under the laws of the United States, and particularly the Act to Regulate Commerce. Its decision involves the construction and application of certain provisions of that act. It was rightly held in the courts below that the District Court had jurisdiction. *Louisville & Nashville R. R. Co.* v. *Rice,* 247 U. S. 201, 203; *Greene* v. *Louisville & Interurban R. R. Co.,* 244 U. S. 499, 506, 508.

There remains the question whether appellee was bound to resume and maintain the service.

The obligation was not imposed by appellee's charter or the statutes of Michigan. The company was organized

under the Commerce and Navigation Act of 1867; c. 181, Compiled Laws 1897. By compliance with the provisions of that act, persons were authorized to become a body corporate " for the purpose of engaging in the business of maritime commerce or navigation within this state, or upon the frontier lakes or other navigable waters, natural or artificial, connected therewith, . . ." The General Corporation Act of Michigan of 1903; Compiled Laws 1915, c. 175; superseded the Act of 1867, but contained a saving clause as to rights which had been secured under the earlier act. The act under which appellee was organized does not prescribe or require the articles to specify any route over which such a corporation is to operate its boats, and does not require it to continue in business. Appellee's articles of association adopted the statutory language, and do not designate any route for the operation of its boats, or require it to continue operation. Appellee has no power of eminent domain or special privilege or right in respect of the business it is authorized to do, which a natural person owning a vessel and engaged in the same business does not have. It is under no contractual obligation to operate on the route in question. Act No. 56, Public Acts 1919, provides that no person, firm or corporation owning or operating any railroad shall abandon its main line or track or any portion thereof without the permission of the State Commission. There is no similar statute relating to carriers by water.

The obligation to continue is not imposed by any principle of the common law. Reasonableness of service on a route over which appellee operates boats is not involved. The duty to furnish reasonable service while engaged in business as a common carrier is to be distinguished from the obligation to continue in business. No case has been cited by counsel, and we know of none, in which it has been held that there is any common law duty

on a common carrier by water not to cease to operate its boats.[1]

The obligation to continue service is not imposed by any federal statute. Appellant relies on § 1, subd. (1) (a), of the Interstate Commerce Act (as amended by § 400, Transportation Act, 1920) which provides that the act shall apply to common carriers engaged in the transportation of passengers or property wholly by railroad, or partly by railroad and partly by water, when both are used under a common control, management, or arrangement for continuous carriage or shipment; and a provision in subd. (3) defining " carrier " to mean " common carrier ", and " transportation " to include locomotives, cars and other vehicles, *vessels,* and all instrumentalities of shipment or carriage; and a provision of subd. (4) making it the duty of every common carrier, subject to the act, engaged in the transportation of passengers or property, to provide and furnish such transportation upon reasonable request therefor.

But in connection with these provisions, there should be read subd. (18) of the same section, which provides that no carrier by railroad subject to this act shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity permit such abandonment.

---

[1]Appellant cited: *Atlantic Coast Line R. R. Co.* v. *North Carolina Corporation Comm.,* 206 U. S. 1; *Missouri Pac. Ry. Co.* v. *Larabee Flour Mills Co.,* 211 U. S. 612; *Bryan* v. *Louisville & N. R. Co.,* 244 Fed. 650; *Lee Line Steamers* v. *Memphis, H. & R. Packet Co.,* 277 Fed. 5; *Colorado & So. Ry. Co.* v. *R. R. Commission,* 54 Colo. 64; *State* v. *Dodge City M. & T. Ry. Co.,* 53 Kans. 377; *So. Ry. Co.* v. *Franklin R. R. Co.,* 96 Va. 693; *People* v. *Albany & Vt. R. R. Co.,* 24 N. Y. 261; *So. Ry. Co.* v. *Hatchett,* 174 Ky. 463; *State* v. *Spokane Street Ry. Co.,* 19 Wash. 518; *State* v. *Bullock,* 78 Fla. 321. And see note, 284 Fed. 500, 501. These cases are readily distinguishable.

Carriers by water, such as appellee, are within the terms of the Transportation Act for certain purposes; e. g., for the regulation of their accounts, the making of reports, the prevention of rebates, discrimination and the like. Certain provisions of the act are applicable to some carriers and not to others. *Interstate Commerce Commission* v. *Goodrich Transit Co.*, 224 U. S. 194, 208. The imposition of a duty upon a carrier by water to furnish transportation upon reasonable request does not create an obligation to continue to operate boats on a particular route. The provision of subd. (18) above referred to is specifically limited to lines of railroad. This indicates legislative intention that carriers by water are not required to continue and may cease to operate if they see fit.

No duty to continue to operate its boats on the Detroit and Mackinac Island route is imposed on appellee by its charter, the statutes of Michigan, the common law or federal statutes.

*Decree affirmed.*