# LOUISVILLE & NASHVILLE RAILROAD COMPANY
## *v.* RICE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF LOUISIANA.

No. 574.  Submitted April 1, 1918.—Decided May 20, 1918.

Judicial Code, § 24, gives jurisdiction to the District Courts "of all suits and proceedings ar sing under any law regulating commerce." *Held*, that a suit so arises where the carrier sues the consignee of an interstate shipment of live stock to collect a charge for disinfecting the cars, alleged to be due under tariffs approved and published as required by the Interstate Commerce Act, and where the consignee, admitting the interstate character of the shipment and propriety of the charges under the act, defends on the ground that the carrier by its acts is estopped from holding him responsible.

Reversed.

THE case is stated in the opinion.

*Mr. George Denegre, Mr. Henry L. Stone, Mr. Victor Leovy, Mr. Henry H. Chaffe and Mr. Harry McCall* for plaintiff in error.

*Mr. T. M. Miller, Mr. John D. Miller* and *Mr. Charles F. Fletchinger* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Did the District Court rightly decide that it had no jurisdiction, is the only question presented.

Plaintiff in error sued to recover one hundred and forty-five dollars claimed to be due under tariffs approved and published as required by Interstate Commerce Act, for disinfecting fifty-eight cars containing live stock shipped

from points outside the State and delivered to defendant, the consignee, at New Orleans, Louisiana. It alleged presentation of bills covering each shipment and payment by defendant of all charges except those for disinfecting—two dollars and fifty cents per car.

Answering, defendant admitted the shipments were interstate; that he paid all lawful charges, except those sued for; and that these had been properly prescribed under and pursuant to the Interstate Commerce Act. But he denied liability for these reasons: As the carrier well knew, or should have known, he had long been engaged in the business of factor or commission merchant; in due course while acting as representative for their owners and consignors he received the live stock, sold them immediately upon arrival, deducted expenses, etc., and remitted balance of proceeds to his principals; when the cars arrived he paid all charges actually demanded; he was not then advised and remained unaware that any others were contemplated until such balance had been remitted. Having led him to believe the amount asked and paid before he remitted entire net proceeds constituted full settlement, the carrier is now estopped from demanding more of him.

The trial court upon its own initiative dismissed the action for want of jurisdiction.

Section 24 of the Judicial Code provides that regardless of amount involved District Courts shall have original jurisdiction "of all suits and proceedings arising under any law regulating commerce." The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment. Their duty and obligation grow out of and depend upon that act.

In support of the trial court it is said: There is no jurisdiction unless the suit in part at least arises out of a controversy in regard to operation or effect of the act of Congress. Here there is no dispute as to legality of rate

or its application to the shipments; and consignee's liability was fully discharged upon payment by him of amount demanded at time of delivery and surrender of the carrier's lien.

"Cases arising under the laws of the United States are such as grow out of the legislation of Congress." *Tennessee* v. *Davis*, 100 U. S. 257, 264. "Whether a party claims a right under the Constitution or laws of the United States is to be ascertained by the legal construction of its own allegations." *Central R. R. Co. of New Jersey* v. *Mills*, 113 U. S. 249, 257. "If the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad." *The Fair* v. *Kohler Die Co.*, 228 U. S. 22, 25. A suit arises under an act of Congress when "it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." *Shulthis* v. *McDougal*, 225 U. S. 561, 569. As to interstate shipments "there can be no question that, since the decision in the *Croninger Case* [226 U. S. 491], the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation." *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird*, 243 U. S. 592, 595; *Louisville & Nashville R. R. Co.* v. *Maxwell*, 237 U. S. 94, 97.

The railroad company set up a claim based upon provisions of a tariff duly filed, published and approved as required by Interstate Commerce Act; result of the action necessarily depended upon construction and effect of that act.

We think the District Court had jurisdiction. Its judgment is accordingly reversed and the cause remanded for further proceedings in conformity with this opinion.

                                        *Reversed.*