## ROBERTSON v. ARGUS HOSIERY MILLS, Inc.

### No. 8657.

Circuit Court of Appeals, Sixth Circuit.
June 25, 1941.

W. O. Lowe, of Knoxville, Tenn., and Herbert G. B. King, of Chattanooga, Tenn., for appellant.

Russell R. Kramer, of Knoxville, Tenn. (R. R. Kramer, J. W. Baker, and Poore, Kramer & Cox, all of Knoxville, Tenn., on the brief), for appellee.

Chas. H. Livengood, Jr., of Nashville, Tenn. (Gerard D. Reilly, Irving J. Levy, Robert S. Erdahl, and Geo. W. Crockett, Jr., all of Washington, D. C., and Chas. H. Livengood, Jr., of Nashville, Tenn., on the brief), for Philip B. Fleming, amicus curiae.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order dismissing a petition for back wages, filed under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C. §§ 201–219, 29 U.S. C.A. §§ 201–219. Appellant was employed by appellee in its mill situated in Sevierville, Tennessee, and the petition alleged that the appellee, in violation of the Act, worked the appellant for longer hours and for less pay than is authorized by the statute. The appellee moved to dismiss the petition upon the ground that the court lacked jurisdiction because the amount in controversy is less than $3,000, exclusive of inter-

est and costs, and the District Court sustained the motion.

Appellant urges that since the statute authorizes recovery by the employee of double the amount of minimum or overtime wages due in cases where the employer has violated the statute, the suit is one for enforcement of a penalty, and that jurisdiction is conferred upon the District Court under Title 28, § 41(9), U.S.C., 28 U.S. C.A. § 41(9), which gives such courts jurisdiction of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States.

We are not in accord with this contention. The Fair Labor Standards Act, the pertinent provisions of which are printed in the margin,[1] describes the additional equal amount for which the employer shall be liable as "liquidated damages." Under familiar principles of law the conception of penalty is thus excluded from the provision. We see no reason for delving beneath this unequivocal term in order to spell out a meaning at variance with the intent expressed.

However, we think the court erred in dismissing the petition, for clearly it had jurisdiction of the controversy under Title 28, § 41(8), U.S.C., 28 U.S.C.A. § 41(8), which gives the District Courts jurisdiction of all suits arising under any law regulating commerce. If this suit arose under such a law, the citizenship of the parties and the sum or value in controversy is immaterial. Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092; Turner, Dennis & Lowry Lumber Co. v. Chicago, M. & St. P. Ry. Co., 271 U.S. 259, 261, 46 S.Ct. 530, 70 L.Ed. 934; Louisville & Nashville Rd. Co. v. Rice, 247 U.S. 201, 203, 38 S.Ct. 429, 62 L.Ed. 1071.

Obviously the appellant would not have been entitled to file this action if it were not for the enactment of the statute which creates the cause of action. Section 16(b), Fair Labor Standards Act of 1938, Title 29, § 216(b), U.S.C., 29 U.S.C.A. § 216(b). The express purpose of the statute is to regulate commerce among the several states through the elimination of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of the workers. The statute has been held constitutional on the specific ground that it regulates interstate commerce. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. ——, 132 A.L.R. 1430; Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. ——.

We see no merit in the attempted distinction drawn by appellee that although the Act itself regulates commerce, a cause of action established under it and necessary to the enforcement of the Act does not arise under a law regulating commerce. Assuming, but not deciding that the statute conferring jurisdiction upon federal courts is construed more strictly than the commerce clause of the Constitution, Art. I, § 8, the fact remains that this action falls within the precise terms of § 41(8), Title 28, U.S.C., 28 U.S.C.A. § 41(8). The action complies with the applicable tests of

[1] Sec. 6 "(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) during the first year from the effective date of this section, not less than 25 cents an hour * * *."

Sec. 7 "(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Sec. 16 "(b) Any employer who violates the provisions of section 6 [206] or section 7 [207] of this Act [chapter] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

such proceedings as laid down by the courts in a long line of decisions, namely, that it grows out of the legislation of Congress (Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648), and really and substantially involves a controversy respecting the construction or effect of the statute upon the determination of which the result depends. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205.

Since the court has jurisdiction, we deem it unnecessary to consider whether in the absence of the assignment to appellant of other similar claims owned by other employees appellant could be considered representative of such claimants for the purpose of establishing the aggregate amount of $3,000, jurisdictional in the cases controlled by Title 28, U.S.C., § 41 (1), 28 U.S.C.A. § 41(1).

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.