### ADAIR v. FERST et al.
### No. 2451.

District Court, N. D. Georgia, Atlanta Division.

June 26, 1942.

Ivey & Nathan, of Atlanta, Ga., for plaintiff.

Hirsch, Smith & Kilpatrick, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

The motion to dismiss urged by M. A. Ferst, Ltd., and the individual defendants, seeks dismissal of the suit upon the ground that, as to them, the suit is not one arising under any law of the United States regulating commerce.

In considering the merits of the motion to dismiss, the averments of the petition, now to be considered as true, establish inter alia, that Trailcar, Inc., is liable to the plaintiff in the sum of $619.24, because of violating of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.; that, some six months after termination of plaintiff's employment, Ferst, Ltd., purchased all assets of Trailcar, Inc., with knowledge of plaintiff's claim, by and through M. A. Ferst, its president, who was also president of Trailcar, Inc. At the time all assets of Trailcar, Inc., were sold, Ferst, Ltd., in the contract of sale, agreed to be obligated for the payment of all outstanding debts and charges against Trailcar, Inc. Ferst, Ltd., continued doing business in the same location as Trailcar, Inc, retained the same manager and the same president and secretary, and continued the same business as that conducted by Trailcar, Inc., before the sale. In the sale the parties failed to comply with the term of the Bulk Sales Law of Georgia, Ga. Code 1933, § 28-203 et seq., requiring notice of intention to sell to be given all creditors.

Where one, with knowledge of a claim of liability under the terms of the Fair Labor Standards Act, supra, assumes or becomes otherwise subject to the obligation of such liability by the terms of a contract of purchase, a suit against him seeking recovery of an amount due under the terms of the act arises out of a law regulating commerce and is within the jurisdiction of this court, even if the enforcement thereof against the particular defendant is dependent upon the contract.

The determination of the amount of liability sought to be enforced is dependent upon the terms and provisions of the Fair Labor Standards Act, supra, the law regulating commerce. Without the benefit of the terms of that enactment no liability could be shown by the plaintiff against either the vendor or the debt-assuming vendee. In such instance, the obligation of such vendee to respond to the plaintiff may

arise from the contract, but the extent, existence, and the amount of liability is dependent upon the construction and enforcement of the statute, for the plaintiff must show indebtedness due him by defendant's vendor before the assumption becomes effective for his benefit. Where this entire debt exists, if at all, solely by virtue of a law regulating commerce, it appears clear that the controversy arises out of such statute. Except for the statutory requirement of minimum wages and overtime compensation, no indebtedness would exist. The primary necessity in a recovery of debt is establishment of the debt. In this case, this can only be done by virtue of the Fair Labor Standards Act, supra. That the plaintiff relies upon the assumption to secure the collection of the statutory indebtedness does not affect the matter.

For the same reason, this court has jurisdiction of the claim of the plaintiff, deemed to be in the alternative, seeking to hold the defendant liable under the Bulk Sales Law of Georgia, supra, to the extent of the value of assets received by the defendant by the purchase in violation of that statute. Only a creditor of the vendor can complain of such sale and, as stated, the plaintiff can bring himself within that classification only by reason of the provisions of the Fair Labor Standards Act. This feature of the suit therefore is dependent upon, and exists only by reason of, the Fair Labor Standards Act, and therefore arises out of that law.

With reference to either claim asserted, its existence depends upon the validity, construction, and effect of the Fair Labor Standards Act. The effect of the act is to make an employee subject thereto (this involving construction of the act) a creditor of the employer, and this without regard to any actual attempted agreement as to compensation (if not permitted by the statute) and even if payment be made in accordance with such agreement. As to this plaintiff, no such result follows under any other law or contractual situation. "The wages were specified for him by the statute". Overnight Motor Transportation Co., Inc., v. Missel, June 8, 1942, 62 S.Ct. 1216, 86 L.Ed. ——. Clearly then, this suit, seeking to establish the necessary creditor-debtor relationship, arises out of and is based upon the statute. Compare Louisville & N. Ry. Co. v. Rice, 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071;

Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, 286.

Of course no question of ultimate actual liability is now involved. It is determined that this court has jurisdiction to proceed to hear and determine the claim of the plaintiff against the defendant M. A. Ferst, Ltd.

No valid claim of liability within the jurisdiction of this court appears against the individual defendants, and as to them, the motion is sustained. As to M. A. Ferst, Ltd., the motion to dismiss is denied.