**ATLANTIC COAST LINE R. CO. v. NEW YORK CASUALTY CO.**

No. 2705.

District Court, N. D. Georgia, Atlanta Division.

Feb. 16, 1944.

Alston, Foster, Sibley & Miller by Wm. Hart Sibley, all of Atlanta, Ga., for plaintiff.

C. W. Hager and J. F. Kemp, both of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

The defendant, as surety, and a contractor, as principal, in connection with a certain highway improvement contract by the contractor with the State Highway Department of Georgia, executed the statutory bond required by the laws of Georgia. Georgia Code 1933, 23-1705. Plaintiff, a common carrier, delivered to the contractor specified car load interstate shipments of material used in the performance of the contract, upon which demurrage charges accrued in accordance with the tariffs duly filed with and approved by the Interstate Commerce Commission under and pursuant to applicable federal statutes, and the consignee, the principal on the bond, was also required to pay the demurrage charges by virtue of the provisions of section 7 of the uniform interstate bill of lading upon which the shipments were transported.

In this proceeding, seeking to recover total demurrage of $639.10, only the surety on the bond is sued and it moves to dismiss the action for want of jurisdiction in this

court for the reason that the basis of the proceeding is a suit on a statutory bond given to the State Highway Board of Georgia in accordance with the laws of Georgia and does not arise by virtue of the laws of the United States. This is the sole point presented by the motion to dismiss and thus the question for determination is whether the suit is one arising under the laws of the United States regulating commerce.

It is conceded that the claim for unpaid demurrage charges "is covered by a contractor's bond given pursuant to the statute." Georgia Code, 23-1705; Somers Construction Company v. Atlantic Coast Line R. R. Company, 62 Ga.App. 23, 7 S. E.2d 429.

■■ It is well established that a suit to recover properly imposed demurrage charges is a suit and proceeding arising under a law regulating commerce, and therefore within the original jurisdiction of the District Court regardless of the amount involved. 28 U.S.C.A. § 41(8); Louisville & Nashville R. R. Company v. Rice, 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071; Davis v. Age Herald Publishing Co., 5 Cir., 293 F. 591; Peyton v. Railway Express Agency, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525. Thus it is apparent that this court would have jurisdiction in this suit if against the principal in the bond, the consignee. Does the fact that the surety only is sued and it is thus necessary for the plaintiff to rely upon the liability of the surety existing by virtue of the bond, render the suit one not arising under the law regulating commerce and only one upon the bond provided for by, and given in accordance with, the requirements of the Georgia statute? We think not. While the right to enforce any liability against the surety is dependent upon the bond, the liability sought to be enforced arises out of, and is dependent for its enforcement upon, a law regulating commerce. But for this law there would be no controversy with either the principal or the surety. The claim for demurrage is the primary controversy and the method of collection of such liability as might be shown to thus arise is afforded by the terms of the bond. While it is true, as argued by the defendant, that but for the bond plaintiff could not proceed against it, it is equally true that unless the plaintiff establish the existence of the demurrage charges as provided in accordance with the federal statutes, there could be no liability of any kind asserted against the bond. The bond enables the plaintiff to proceed against the defendant, but it does not create the liability. This arises under the law regulating commerce. Thus the claim for demurrage charges presents the primary controversy. The liability of the surety is of course coextensive with that of the principal. The undertaking of the bond subjects the surety to liability equally with the principal. In legal effect the liability for demurrage, and consequent suit upon the failure to pay it, was in the contemplation of the parties at the time the bond was executed. As a result thereof, the surety assumed the obligation of the principal to suit, and thus is subject in a proceeding for the collection of such demurrage charges to the jurisdiction of the United States Court. This Court has had occasion to rule upon a similar question and the conclusions there reached control upon this feature of the case. See Adair v. Ferst, D.C., 45 F. Supp. 824.

For the reasons stated, this court has jurisdiction of the cause, and the motion of the defendant should be, and is, hereby dismissed.