**James R. MADLER, Plaintiff-Appellant,**

**v.**

**L. Robert ARTOE, doing business as Lee Artoe Carbon Company, Defendant-Appellee.**

No. 73-1371.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 16, 1974.

Decided March 28, 1974.

---

**324**

---

Abraham A. Diamond, Chicago, Ill., for plaintiff-appellant; Stephen H. Loeb, Chicago, Ill., on the brief.

Lee Artoe, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, PELL and SPRECHER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

This is an appeal from an order of the United States District Court dismissing an amended complaint seeking recovery of unpaid interstate motor freight charges for lack of subject matter jurisdiction. We reverse.

The amended complaint alleges that plaintiff Madler is the assignee of the claim of Consolidated Freightways Corporation of Delaware (Consolidated) in the amount of $989.84 against defendant Lee Artoe Carbon Company (Artoe). The claim consists of unpaid freight charges incurred by Artoe as a result of transportation services performed in interstate commerce by Artoe's direction or in its behalf by assignor Consolidated.

Consolidated is an interstate motor common carrier operating under authority of certificates of public convenience and necessity issued by the Interstate Commerce Commission pursuant to the Interstate Commerce Act Part II, Title 49 U.S.C. § 301 et seq. As such, Consolidated was authorized to perform the transportation services in issue. Defendant Artoe is a proprietorship engaged in business in Chicago, Illinois. Artoe appears throughout this proceeding and on appeal by its proprietor, Lee Artoe, acting *pro se.*

Plaintiff alleges that this action arises under the Interstate Commerce Act, *supra,* and more particularly under 49 U.S.C. § 316(b), which requires, *inter alia,* common carriers by motor vehicle, such as Consolidated, to "enforce just and reasonable rates." Under this theory jurisdiction in the district court is generally asserted by virtue of Title 28, U.S.C. § 1337.[1]

The district court, in a brief unreported memorandum opinion and order, sustained defendant's motion to dismiss the complaint on the ground that no right of action to recover unpaid interstate common carrier freight charges exists in the federal courts, absent a requirement for "the construction of tariffs required by the Act." The trial court held that "the complaint merely states a claim for unpaid charges which presumably were made pursuant to a contract between Consolidated and defendant." The court distinguished two cases, hereinafter referred to, on the ground "that their adjudication required the *construction of tariffs* required by the Act." (Emphasis added.) The court further concluded that in the absence of an express right of action in the Act to recover any un-

---

1. § 1337. Commerce and anti-trust regulations

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

paid freight charges, together with the absence of case authority, it was "loath to find that its jurisdiction extends so far."

Finally, in denying plaintiff's motion to alter or vacate its memorandum and order, the court stated that it "continues to regard this as an action under a contract rather than under the laws regulating commerce." While the court has not so indicated, it would be a fair assumption that it was moved by an otherwise commendable desire to avoid making the federal court a small claims collection agency.

The issue of subject matter jurisdiction in the instant case raises the novel but important question of the nature of the claim in issue and whether it is wholly insubstantial and frivolous.

At the outset, it is obvious that Consolidated, as an entity which provides transportation of freight for hire in interstate commerce, is a creature of and is subject to regulation under the Interstate Commerce Act. A variety of statutory obligations, including those pertaining to the enforcement of just and reasonable rates, are set out in 49 U.S.C. §§ 316, 317, 318. The detail found there is complex. The district court was of the opinion that "[i]n a statute so detailed as the Interstate Commerce Act, Congress, if it had desired to do so, could and presumably would have created an express right of action in the federal courts to recover any unpaid freight charges." In light of this contention we shall briefly review what some of the courts have had to say on the question of jurisdiction.

We begin with the landmark case of Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946), where the Court speaking through Mr. Justice Black declared in substance that where a complaint in a federal court is so drawn as to seek recovery directly under the Constitution or laws of the United States, the court must entertain the suit, except: (a) where the alleged claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (b) where it is wholly insubstantial and frivolous.

In Bela Seating Co. v. Advance Transportation Co., N.D.Ill., 344 F.Supp. 854, 855 (1972), Judge Will further reads Bell v. Hood, *supra,* as holding that a claim must not be dismissed for lack of jurisdiction under § 1337, *supra,* "unless it appears, to a legal certainty, that the claim is wholly insubstantial and frivolous so far as the Constitution and the laws of the United States are concerned."

Clearly the claim in controversy is neither insubstantial nor frivolous. The amount of the claim is not the true test. If it is within the purview of the Act which regulates the common carrier, and we think it is, then under the standards of Bell v. Hood, *supra,* the suit must be entertained. Whether or not an action in contract could be maintained in a state court is irrelevant to the issue of federal jurisdiction before us.

Further, our court in National Van Lines, Inc. v. United States, 7 Cir., 355 F.2d 326, 331 (1966), expressly held that 49 U.S.C. § 317(b) "imposes upon a carrier the absolute obligation to collect charges in accordance with published tariffs." There an inadvertent mistake provided no excuse for a deviation.

Louisville & Nashville R. R. Co. v. Rice, 247 U.S. 201, 202–203, 38 S.Ct. 429, 62 L.Ed. 1071 (1918), concerned a suit by the railroad company to recover $145 based upon provisions of a tariff duly filed, published and approved as required by the Interstate Commerce Act. The question at issue turned upon a construction and an effect of that Act. The federal district court dismissed the action for want of jurisdiction. The Supreme Court reversed and held there was jurisdiction under § 24 of the Judicial Code, which is now 28 U.S.C. § 1337, *supra.* The Court said:

Section 24 of the Judicial Code provides that regardless of amount in-

volved District Courts shall have original jurisdiction "of all suits and proceedings arising under any law regulating commerce." The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment. Their duty and obligation grow out of and depend upon that act. 247 U.S. at 202, 38 S.Ct. at 429.

In Atchison, T. & S. F. Ry. Co. v. Springer, 7 Cir., 172 F.2d 346, 349 (1949), our court held in an action brought by a railroad for unpaid freight charges incurred by a shipper as demurrage, that such action arose out of the laws of the United States regulating commerce, citing Louisville & Nashville R. R. Co. v. Rice, *supra*, 247 U.S. at 203, 38 S.Ct. 429, and § 1337, *supra*. The district court here sought to distinguish *Springer* on the ground that it necessitated the construction of a tariff required under the Act.

Bernstein Bros. Pipe & Machinery Co. v. Denver & R. G. W. R. Co., 10 Cir., 193 F.2d 441, 443–445 (1951), reiterates that a claim by a railroad for unpaid freight charges was properly tried in a federal district court, and that original jurisdiction arose from § 1337, *supra*, citing Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092 (1939), and Turner, Dennis & Lowry Lumber Co. v. Chicago, M. & St. P. Ry. Co., 271 U.S. 259, 260, 46 S.Ct. 530, 70 L.Ed. 934 (1926). Further citing *Rice, supra,* 247 U.S. at 202–203, 38 S.Ct. 429, and *Springer, supra,* 172 F.2d at 349, the Tenth Circuit specifically states that "a suit to recover a freight undercharge arises under a law regulating commerce, since the duty to pay and the right and obligation to collect grow out of and depend upon the Interstate Commerce Act." The court goes on to hold that "[e]very question of the construction of an interstate tariff is a question of Federal law," and "is a judicial question of which the courts have jurisdiction in the first instance."

Finally, in Miller v. Ideal Cement Co., D.Wyo., 214 F.Supp. 717, 718 (1963), a suit by an interstate motor freight carrier to collect unpaid freight charges, the district court held: "This court has original jurisdiction of this proceeding arising under the Acts of Congress regulating commerce, namely, 49 U.S.C. §§ 316, 317 and 304(a). Title 28 U.S.C. § 1337; Bernstein Bros. Pipe and Machinery Co. v. Denver R. G. W. R. Co., 10 Cir., 193 F.2d 441 (1951)." In its memorandum opinion in the instant case, the district court also sought to distinguish *Miller,* as it did *Springer,* because its adjudication required the *construction* of tariffs under the Act.

With deference to the learned district court in the case at bar, in light of the foregoing line of federal cases beginning with Bell v. Hood, *supra,* and Louisville & Nashville R. R. Co. v. Rice, *supra,* and their progeny, most of which have not been cited here, we fail to find support for its conclusion that it was without subject matter jurisdiction to entertain this cause of action.

We find and hold that an original right of action lies in the federal district courts to entertain a claim by an interstate motor freight common carrier against a consignor for unpaid motor freight charges arising out of a regulated interstate shipment.

The judgment order of the district court dismissing the amended complaint in issue is reversed. This cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.