**OVERNITE TRANSPORTATION COMPANY, Plaintiff-Appellant,**

v.

**CHICAGO INDUSTRIAL TIRE COMPANY, Defendant-Appellee.**

**No. 81–2102.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1981.

Decided Dec. 29, 1981.

Paul E. Peldyak and Themis N. Anastos, Chicago, Ill., for plaintiff-appellant.

Jeffrey J. Keck, Bloom & Tese, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and SPRECHER and POSNER, Circuit Judges.

SPRECHER, Circuit Judge.

This is an appeal from the dismissal of an action for lack of federal subject matter jurisdiction under 28 U.S.C. § 1337(a) (Supp.1981).

I

On April 16, 1979, Hubs and Wheels, Inc. of Saltville, Virginia (shipper), delivered a shipment of forty wheels to Overnite Transportation Co., a common carrier of goods by motor vehicle (carrier), consigned to Chicago Industrial Tire Co. of Chicago, Illinois (consignee). The bill of lading dated April 27, 1979, indicated "C.O.D. Shipment," with

a C.O.D. amount of $2,210 and a collection fee of $33.72, or a total charge of $2,243.72.

At Louisville, Kentucky, the carrier transferred the shipment to American Freight Systems pursuant to a freight bill prepared by the carrier, dated April 17, 1979, which omitted reference to C.O.D. but instead billed only the freight charges of $118.82. American delivered the forty wheels to the consignee on April 26, 1979, and the consignee paid the $118.82 freight charges. On May 4, when the carrier discovered its error, it sent the consignee a "freight bill correction," seeking to collect the C.O.D. charge of $2,243.72.

The consignee refused to pay and on September 10, 1979, in accordance with its undertaking pursuant to the bill of lading, the carrier paid the shipper $2,210. The carrier then brought suit in the Circuit Court of Cook County, Illinois against the consignee for $2,243.72. The original complaint and an amended complaint were stricken. On June 2, 1981, the state court proceeding was dismissed without prejudice.

In the meantime, the carrier brought this action in the district court against the consignee on February 12, 1981, for $2,210. Federal jurisdiction was "based on the Interstate Commerce Act 49 U.S.C. Section 1, et seq., as this action arises out of the shipment of goods in interstate commerce." Complaint, ¶ 1. The theory of attempted recovery by the carrier against the consignee, in view of their lack of contractual privity, was that the consignee was unjustly enriched. Complaint, ¶ 9.

The district court dismissed the complaint on the ground that the court lacked subject matter jurisdiction under 28 U.S.C. § 1337(a) (Supp.1981). Recognizing that in *Madler v. Artoe*, 494 F.2d 323, 326 (7th Cir. 1974), we held "that an original right of action lies in the federal district courts to entertain a claim by an interstate motor freight common carrier against a consignor for unpaid motor freight charges arising out of a regulated interstate shipment," the district court concluded that the contract price for the goods was not part of the "freight charges,"[1] saying:

> The subject of controversy in the present case, however, is the contract price of the goods shipped, a matter not in itself regulated by the Interstate Commerce Act.
>
> \*   \*   \*   \*   \*   \*
>
> As the contract for the sale of goods in this case is not *per se* regulated by the Interstate Commerce Act, Overnight [sic] has failed to establish federal jurisdiction.[2]

## II

Although we agree with the ground on which the district court dismissed the action, we note further that on October 20, 1978, Congress amended 28 U.S.C. § 1337(a) (Supp.1981) to provide for federal jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce" provided however that in an action brought under 49 U.S.C. § 319 of the Interstate Commerce Act, federal jurisdiction applies "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."[3]

---

1. The carrier's argument to the contrary is based upon the Interstate Commerce Commission's Ex Parte No. 272, Investigation into Limitations of Carrier Service on C.O.D. and Freight-Collect Shipments, 356 I.C.C. 37, 40–41 (1977), wherein the Commission determined that it could regulate C.O.D. transportation *services*. In the present case, only the contractual price for the goods and its payment is at issue and not the C.O.D. "services."

2. The district court did not reach the consignee's lack of privity argument, which was not disposed of by the *Madler* case inasmuch as there privity did exist between the carrier and the *consignor*. We also do not reach the lack of privity issue.

3. 28 U.S.C. § 1337(a) (Supp.1981) provides:

   The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11)) or section 219 of part II of such Act (49 U.S.C. 319),

Section 319 is very broad and applies the express remedies sections (49 U.S.C. §§ 20(11) and 20(12) (1951)) of the Interstate Commerce Act to motor carriers "with such other provisions . . . as may be necessary for the enforcement of such provisions."[4] To complicate matters further, on October 17, 1978, Congress completely recodified the Interstate Commerce Commission Act so that the express remedies now appear in 49 U.S.C. § 11707 (Supp.1981).

The carrier in the present case, of course, has not relied upon any express remedy furnished by the Interstate Commerce Act but instead relies in its complaint, brief and oral argument upon a remedy implied by the Act. *See, e.g., Ashley, Drew & Northern Ry. Co. v. United Transportation Union,* 625 F.2d 1357, 1370, n.24 (8th Cir. 1980); *Garrett v. Time—D.C., Inc.,* 502 F.2d 627, 630 (9th Cir. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975); *Madler v. Artoe,* 494 F.2d 323 (7th Cir. 1974). Inasmuch as Congress was careful to apply the jurisdictional amount requirement to all express remedies under the Interstate Commerce Act, and through section 319, to all "other provisions . . . as may be necessary for the enforcement of such provisions," we are convinced that Congress intended that the requirement also apply to all remedies inferable from the Act. In enacting the requirement of a jurisdictional amount Congress noted that "[t]his change is needed to prevent an abuse of Federal judicial process."[5] Such abuse can occur through implied remedies as readily as through the express remedies.

Therefore, even if the Interstate Commerce Commission does regulate the contract price of goods shipped under C.O.D. instructions, which we hold it does not, the $2,210 amount in controversy would preclude federal jurisdiction.

The judgment appealed from is affirmed.

---

only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

**4.** 49 U.S.C. § 319 (1963) provides:
The provisions of section 20(11) and (12) of this title, together with such other provisions of chapter 1 of this title (including penalties) as may be necessary for the enforcement of such provisions, shall apply with respect to common carriers by motor vehicle with like force and effect as in the case of those persons to which such provisions are specifically applicable.

**5.** S.Rep.No.95–117, [1978] U.S.Code Cong. & Ad.News 3569, 3570.