**KANSAS CITY TERMINAL RAILWAY COMPANY, Plaintiff,**

v.

**PABST BREWING COMPANY, Defendant.**

**KANSAS CITY TERMINAL RAILWAY COMPANY, Plaintiff,**

v.

**JORDAN MANUFACTURING COMPANY, Defendant.**

Nos. 82–1234, 82–1230.

United States District Court,
C.D. Illinois,
Peoria Division.

Feb. 15, 1983.

---

Wayne L. Hanold, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., for plaintiff in No. 82–1234.

---

Gregory A. Cerulo, McConnell, Kennedy, Quinn & Johnston, Peoria, Ill., for plaintiff in No. 82–1230.

John A. Slevin, Vonachen, Cation, Lawless, Trager & Slevin, Peoria, Ill., for Pabst Brewing.

John F. Boos, Jr., Peoria, Ill., for Jordan Mfg.

## ORDER

MIHM, District Judge.

These two suits, consolidated for purposes of the hearing on the motion to dismiss for lack of jurisdiction, involve simple collection actions for unpaid rail freight charges in amounts under $10,000. The sole issue raised by the motion is whether the Court has jurisdiction of these actions under 28 U.S.C. § 1337(a).[1]

In *Louisville & Nashville R.R. Co. v. Rice*, 247 U.S. 201, 202, 38 S.Ct. 429, 62 L.Ed. 1071 (1918), the Supreme Court held that an action for the collection of unpaid rail freight charges "arises under" the Interstate Commerce Act. Therefore, the District Court had jurisdiction of the action under Section 24 of the Judicial Code[2], the precursor of 28 U.S.C. § 1337.

> "The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect to every shipment. Their duty and obligation grow out of and depend upon that act."

This decision created an implied action for collection of unpaid freight charges under the Interstate Commerce Act which was followed by the Seventh Circuit with regard to rail freight, *Atchison, T. & S.F. Ry. v. Springer*, 172 F.2d 346 (7th Cir.1949), and motor freight, *Madler v. Artoe*, 494 F.2d 323 (7th Cir.1974).

In 1978, § 1337 was amended by imposing a $10,000 "amount in controversy" jurisdictional requirement for actions arising under sections 20(11) and 219 of the Interstate Commerce Act.[3] (49 U.S.C. §§ 20(11), 319). Section 20(11), recodified at 49 U.S.C. § 11707, creates an express cause of action by shippers to recover loss and damage to their goods. Section 319 provided that the express remedies available under § 20(11) apply to motor carriers as well as rail carriers.

In *Overnite Transportation Company v. Chicago Industrial Tire Company*, 668 F.2d 274 (7th Cir.1981), the Seventh Circuit had the opportunity to consider the effect of the recently amended § 1337(a) upon the District Court's jurisdiction over actions arising under the Interstate Commerce Act. *Overnite* involved an action by a motor carrier for the price of the goods rather than for the freight charges. The Court observed that Congress amended § 1337(a) to provide a $10,000 jurisdictional requirement for actions based on the express remedies provided for by the Interstate Commerce Act. Because jurisdiction over express remedies was limited by a $10,000 amount in controversy requirement, the Court reasoned that remedies inferable from the Act should be similarly limited.

---

1. 28 U.S.C. § 1337(a) provides:
   "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11)) or section 219 of part II of such Act (49 U.S.C. 319), only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

2. "Section 24 of the Judicial Code provides that regardless of amount involved District Courts shall have original jurisdiction of all suits and proceedings arising under any law regulating commerce." *Rice*, supra, 247 U.S. at 202, 38 S.Ct. at 429.

3. 28 U.S.C. § 1337(a) was amended in 1978 by adding:
   "Provided, however, That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11)) or section 219 of part II of such Act (49 U.S.C. 319), only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

"Inasmuch as Congress was careful to apply jurisdictional amount requirement to all express remedies under the Interstate Commerce Act, and through section 319, to all 'other provisions ... as may be necessary for the enforcement of such provisions,' we are convinced that Congress intended that the requirement also apply to all remedies inferable from the Act."

*Overnite,* supra, at 276. Thus, the action for collection of unpaid rail freight charges inferable under the Interstate Commerce Act is subject to a $10,000 jurisdictional amount requirement.

A similar result was reached in the Ninth Circuit where the Court in *Thurston Motor Lines v. Jordan K. Rand, Ltd.,* 682 F.2d 811 (9th Cir.1982) held that a simple contract collection action on unpaid freight bills does not "arise under"[4] federal law for purposes of jurisdiction under § 1337 or § 1331. The Court distinguished *Rice* on the basis that *Rice* applies only to claims by a carrier for non-payment of lawful fees when the parties had an understanding or agreement inconsistent with tariffs set in compliance with the Interstate Commerce Act. *Thurston,* supra, at 814.

In light of the above authority, it is the decision of the Court that the collection actions for unpaid freight charges presently before the Court do not "arise under" the Interstate Commerce Act and are subject to the $10,000 jurisdictional requirement of § 1337(a). Because the amount in controversy in each of these cases does not exceed $10,000, the Motion to Dismiss for lack of jurisdiction is GRANTED and the cases are DISMISSED.

---

4. "A suit 'arises under' federal law if federal law creates the cause of action. *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). However, a state-created cause of action may also arise under federal law if the resolution of the dispute depends upon the validity, construction, or effect of federal law, so long as the federal question is a real and substantial issue, *Shulthis v. McDougal,* 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912), and its resolution is an essential element of plaintiff's case. *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)." *City National Bank v. Edmisten,* 681 F.2d 942, 945 (4th Cir.1982).