**HYPLAINS DRESSED BEEF, INC., Plaintiff,**

v.

**EE OPERATING CORPORATION t/a West Contract Service of PA, Defendant–Counterclaimant,**

v.

**HYPLAINS DRESSED BEEF, INC., et al., Counterclaim–Defendants.**

Civ. A. No. 92–1060–B.

United States District Court, D. Kansas.

April 16, 1992.

David J. Rebein, Mangan, Dalton, Trenkle, Rebein & Doll, Chtd., Dodge City, Kan., for Hyplains Dressed Beef, Inc.

Robert E. Nugent, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., Joseph T Bambrick, Jr., Joseph T. Bambrick, Jr. & Associates, West Reading, Pa., for Ee Operating Corp., t/a West Contract Service of PA.

BELOT, District Judge.

### MEMORANDUM AND ORDER

This matter is before the court on the motion of plaintiff to drop parties pursuant to Fed.R.Civ.P. 21. (Doc. 9).

Plaintiff ("Hyplains") filed this action in state court on January 30, 1992, naming defendant ("Ee Operating") as the sole defendant. Ee Operating removed the action to this court on February 10, 1992, alleging federal subject matter jurisdiction arising under the Interstate Commerce Act, 49 U.S.C. §§ 10501 *et seq.* On March 5, 1992, Ee Operating filed an answer to plaintiff's complaint. In its answer, Ee Operating asserted counterclaims against Hyplains and also stated counterclaims against additional parties.

This dispute is a declaratory action that seeks to resolve the liability of plaintiff for freight charges allegedly owed to defendant. Hyplains is a beef packing plant located in Dodge City, Kansas. Ee Operating is a truck line that carries freight in interstate commerce. The complaint alleges that in October 1991, Ee Operating made a demand upon Hyplains for unpaid freight charges. Hyplains denies liability to defendant for the charges.

In its answer/counterclaim-complaint, Ee Operating alleges that it transported goods shipped by Hyplains to each of the additional counterclaim-defendants. The counterclaim-defendants added by Ee Operating are customers of Hyplains. Ee Operating has made a demand for payment upon each of these customers.

Hyplains moves for an order dismissing its customers from this dispute under Fed.R.Civ.P. 21, which provides in relevant part:

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Hyplains invokes this rule on the grounds that the action will proceed more "expeditiously and economically if Hyplains' customers are dismissed from this action." Hyplains expresses concern that the joinder of its customers will disrupt the business relations between Hyplains and its customers. Hyplains further proposes to pay into the court the amount of Ee Oper-

ating's demand to "guarantee" that Ee Operating will not need to look to Hyplains' customers to satisfy its demand. Thus, Hyplains alleges that Ee Operating will not be prejudiced by dismissal of Hyplains' customers. Hyplains' customers have not joined in its motion to drop parties.[1]

Whether to grant or deny a Rule 21 motion to bring in or drop parties rests within the discretion of the trial court. *K–B Trucking v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir.1985). Although Rule 21 is "extremely broad" and may be applied to suits for declaratory judgment as well as actions removed to federal court, 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1682 (2d ed. 1986), its purpose is to remedy either misjoinder or nonjoinder of parties. *Id.* § 1683, at 442.

The practice of joining additional parties to a counterclaim against an existing party is authorized by Fed.R.Civ.P. 13(h), which provides:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Thus, the propriety of the counterclaims asserted by Ee Operating against Hyplains' customers is determined by reference to Rules 19 and 20, which address necessary and permissive joinder, respectively, of parties.

Hyplains alleges that there is no federal law that requires joinder of Hyplains' customers to this action. Regardless of whether Ee Operating may be *required* to assert its counterclaims against Hyplains' customers in this action, Rule 13(h) expressly authorizes the *permissive* joinder of additional parties to a counterclaim pursuant to Rule 20. *NAL II, Ltd. v. Tonkin*, 705 F.Supp. 522, 529 (D.Kan.1989).

Rule 20 provides in relevant part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the actions.

Thus, permissive joinder of Hyplains' customers is allowed if: (1) Ee Operating asserts joint, several, or alternative relief against the customers; (2) the requested relief arises out of the same transaction or occurrence underlying the claim for relief against Hyplains; and (3) any common question of law or fact will arise in this action.

Ee Operating asserts alternative relief against Hyplains' customers for unpaid shipping charges relating to a series of shipments beginning in March 1991. Ee Operating asserts that under a long line of Supreme Court cases, both the shipper and the consignee are liable for a carrier's freight charges. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 534, 103 S.Ct. 1343, 1343, 75 L.Ed.2d 260 (1983) (quoting *Louisville & Nashville R.R. Co. v. Rice*, 247 U.S. 201, 202, 38 S.Ct. 429, 429, 62 L.Ed. 1071 (1918)); *Southern Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342–44, 102 S.Ct. 1815, 1820–21, 72 L.Ed.2d 114 (1982); *Louisville & Nashville R.R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 65–67, 44 S.Ct. 441, 442, 68 L.Ed. 900 (1924); *Pittsburgh, Cincinnati, Chicago, & St. Louis Ry. Co. v. Fink*, 250 U.S. 577, 581, 40 S.Ct. 27, 27, 63 L.Ed. 1151 (1919).

Without addressing the merit of Ee Operating's counterclaims, the court finds that the allegations are sufficient to allow permissive joinder of the additional parties pursuant to Rules 13(h) and 20.

The only reason suggested by Hyplains for not allowing joinder of its customers is Hyplains' desire to avoid disrupting its business relations with the customers. This desire, while understandable, provides no legal basis for declining jurisdiction of

---

1. The court has granted each of Hyplains' customers until April 19, 1992 to answer the counterclaims against them. (Docs. 13–21).

the court that has been properly invoked, for "there is an 'unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Varley v. Tampax, Inc.*, 855 F.2d 696, 701 (10th Cir.1988) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)).

Nor is the court persuaded by Hyplains' proposal to pay the disputed amount into the court to "guarantee" payment of the disputed freight charges. Hyplains' proposal serves to guarantee payment only in the event that Hyplains is found liable. If Hyplains is not found to be liable for the freight charges, Ee Operating would be required to look elsewhere for payment—such as to the customers of Hyplains. At best, Hyplains' proposal would operate to defeat the "federal policy against multiple and piecemeal litigation." *Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir.1979). *See also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); *Federal Resources Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 878 (10th Cir.1969). At worst, it could bar Ee Operating from obtaining subsequent complete relief for failure to bring compulsory counterclaims. *See* Fed.R.Civ.P. 13(a).

Accordingly, the court hereby denies plaintiff's motion to drop parties. (Doc. 9).

IT IS SO ORDERED.