Worldcom v. NH Exteriors          CV-98-523-M    03/09/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Worldcom Technologies, Inc.,
dba LDDS Worldcom,
     Plaintiff

     v.                                    Civil No. 98-523-M

New Hampshire Exteriors, Inc.,
     Defendant(s)


**O R D E R**


     Plaintiff, Worldcom Technologies, Inc. ("Worldcom"), is a

provider of interstate telecommunication services.  As such, the

terms and conditions of its services are governed by the

Communications Act of 1934, 47 U.S.C. § 150 et seq.  In

accordance with the provisions of its tariff — which it duly

filed with the Federal Communications Commission — Worldcom

provided telecommunication services to defendant, New Hampshire

Exteriors, Inc. ("NHE").  When NHE allegedly failed to pay for

those services Worldcom filed this action seeking, among other

things, over $53,000 in past due charges.

     NHE moves to dismiss the complaint for lack of subject

matter jurisdiction, asserting the absence of diversity or

federal question jurisdiction.[1]  For the following reasons, the

court concludes that it has subject matter jurisdiction over

Worldcom's suit to collect amounts due, to the extent consistent

---

[1]    The parties are not diverse and the court lacks subject
matter jurisdiction under 28 U.S.C. § 1332.

with its filed tariff.  Accordingly, defendant's motion to dismiss is denied.

DISCUSSION

Worldcom's suit is based upon NHE's alleged failure to pay for telecommunication services provided under the terms and conditions set forth in Worldcom's FCC Tariff.  Worldcom alleges that since it is required to collect the charges on the services specified in the tariff in accordance with § 203 of the Communications Act of 1934, 47 U.S.C. § 203, subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1337, and the Communications Act of 1934, 47 U.S.C. § 151, et seq.

While the First Circuit has yet to consider whether a suit to collect unpaid charges for telecommunication services under an FCC tariff arises under federal law or an act of Congress regulating commerce, the majority of courts of appeals that have considered the issue have answered in the affirmative.  See Western Union Int'l, Inc. v. Data Dev. Inc., 41 F.3d 1494 (11th Cir. 1995); MCI Telecommunications Corp. v. Graham, 7 F.3d 477 (6th Cir. 1993); MCI Telecommunications Corp. v. Garden State Inv. Corp., 981 F.2d 385 (8th Cir. 1992); MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3rd Cir. 1995); Ivy Broadcasting Co., Inc. v. Am. Tel. & Tel. Co., 391 F.2d 486 (2d Cir. 1968).

Those courts have consistently held that federal district courts do have subject matter jurisdiction over claims for unpaid telecommunication service charges, because such claims are

necessarily dependent upon federal tariffs, that must be filed with the FCC, see Western Union, 41 F.3d at 1496; Graham, 7 F.3d at 479; Garden State Inv., 981 F.2d at 388.  And, "a tariff, required by law to be filed, constitutes the law and is not merely a contract."  Western Union, 41 F.3d at 1496 (citations omitted).

Those decisions are also consistent with the Supreme Court's view of the liabilities imposed upon parties challenging rates included in tariffs regulated by the Interstate Commerce Act, 49 U.S.C. § 10741.[2]  See, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533 (1983); Louisville & Nashville R. Co. v. Rice, 247 U.S. 201 (1918).

In Thurston Motor Lines, the Court held that a carrier's contract claim against a shipper for motor freight charges was necessarily based upon the carrier's tariff filed with the Interstate Commerce Commission, notwithstanding the parties' own contrary understanding.  See 460 U.S. at 534-35.  Concluding that the action arose under federal law, the Court unanimously reaffirmed its earlier holding in Rice.  See id. at 535.

In Rice, a railroad brought an action against a customer for unpaid interstate shipping charges provided for in tariffs required by the Interstate Commerce Act.  See 247 U.S. at 202. The Court held that the action arose under federal law because

---

[2]     The Supreme Court has recognized the Interstate Commerce Act as a model for the Federal Communications Act.  See, e.g., MCI Telecommunications v. Am. Tel. & Tel., 512 U.S. 218, 229-30 (1994).

3

the statute required the "carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment." Id. In addition, the Court stated that "the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation." Id.

Here, as in Rice and Thurston Motor Lines, the applicable statute requires the telecommunications provider to "file . . . schedules showing all charges," 47 U.S.C. § 203(a), and further provides that the provider shall not "charge, demand, collect, or receive a greater or less or different compensation for such communication." Id. § 203(c). Plainly, the duties and obligations of the parties in this case grow out of, and depend upon, the statute. See Rice, 247 U.S. at 202. Consequently, the court has jurisdiction over Worldcom's lawsuit under 28 U.S.C. §§ 1331 and 1337. NHE's motion to dismiss under Fed. R. Civ. P. 12(b)(1) (document no. 11) is, therefore, denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 9, 1999

cc:  Paul A. Rinden, Esq.
     Robert V. Johnson, II, Esq.

4