**Kevin Lee BIGLOW and Henry F. Butler, Plaintiffs,**

v.

**The BOEING COMPANY, Defendant.**

**No. 00–2370–KHV.**

United States District Court, D. Kansas.

July 3, 2001.

Dennis E. Egan, Claudio E. Molteni, The Popham Law Firm, P.C., Kansas City, MO, Deborah L. Hughes, Lawrence, KS, for plaintiffs.

Jay F. Fowler, J. Steven Massoni, Todd N. Tedesco, Boyd A. Byers, Foulston & Siefkin L.L.P., Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiffs Kevin Lee Biglow and Henry F. Butler bring employment discrimination and retaliation claims against The Boeing Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. as amended ("Title VII") and the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983. This matter comes before the Court on Defendant's Motion To Sever Plaintiffs' Claims (Doc. # 21) filed March 2, 2001. For reasons stated below, the Court overrules defendant's motion.

Defendant urges the Court to sever plaintiffs' claims under Rule 21, Fed.R.Civ.P., which provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Rule 21, Fed.R.Civ.P.

Whether to sever claims under Rule 21 is within the Court' discretion. See *K–B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir.1985); *Hyplains Dressed Beef, Inc. v. EE Operating Corp.,* 142 F.R.D. 174, 176 (D.Kan.1992). In determining whether to sever, the Court looks to whether plaintiffs are properly joined under Rule 20(a), Fed.R.Civ.P. See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1683, at 475 (3d ed.2001); *Fong v. Rego Park Nursing Home,* No. 95 Civ. 4445, 1996 WL

468660, at *2 (E.D.N.Y. Aug.7, 1996). Rule 20(a) permits plaintiffs to join claims if they assert rights which (1) arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) involve common questions of law or fact. The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Wright, Miller & Kane, supra, § 1652, at 395. The Court has discretion to sever plaintiffs' claims if these objectives are not met and joinder will instead result in prejudice, expense or delay. See id at 396. The United States Supreme Court has noted that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendant argues that plaintiffs' claims do not satisfy Rule 20(a). Specifically, defendant contends that plaintiffs' claims do not arise out of the same transaction or occurrence or involve common questions of fact, because plaintiffs work for two separate and distinct divisions of Boeing, have different supervisors and report to two entirely different chains of command. Defendant further asserts that plaintiffs' compensation and promotions were decided under two different systems: Biglow is a salaried computer employee and Butler is an hourly production worker subject to a collective bargaining agreement. Initially, the Court notes that defendant presents no evidence to support its factual assertions. At this early stage in the proceedings, and without evidentiary materials from defendant, the Court will look only to the allegations in the complaint to determine whether plaintiffs' claims satisfy Rule 20(a). See, e.g., *Coffin v. South Carolina Dep't of Social Servs.,* 562 F.Supp. 579, 591–592 (D.S.C.1983); *Bolling v. Mississippi Paper Co.,* 86 F.R.D. 6, 8 (N.D.Miss.1979).

Plaintiffs allege that defendant demoted them, failed to promote them, and paid them less money as a result of "a pervasive and institutionalized system of continuous discrimination and retaliation through [defen-dant's] policies and practices." Complaint at ¶ 32. Specifically, the complaint alleges that Biglow, an African American male, has worked for defendant since 1989. See id. at ¶¶ 4, 10. In 1993, he began working as a systems configuration specialist on the commercial operations side. See id. at ¶ 10. In 1993, defendant demoted Biglow to a position in the data center, along with two white employees, Randy Bellew and Kim Zehr. See id. In 1994, defendant promoted Bellew and Zehr back to the configuration specialist positions, although Biglow had more experience in the position than the white employees. See id. In 1995, defendant promoted Biglow to a system configuration specialist 2 on the military side, which is similar to the configuration specialist position on the commercial side. See id. at ¶ 11. Since the promotion, however, defendant has paid Biglow less money than similarly situated white employees. See id. at ¶¶ 11–16.

The complaint also alleges that Butler, an African–American male, has worked for defendant since 1979. See id. at ¶¶ 5, 20. In 1990, defendant promoted Butler to management. See id. In 1993, defendant demoted Butler from factory dispatch manager, a management-level position, to factory clerk, a non-management, entry-level position. See id. Defendant did not demote similarly situated white employees, and the demotion resulted in significantly less pay for Butler. See id. Since 1995, defendant has frequently promoted white employees into management-level positions, but not Butler. See id. at ¶¶ 22–27.

It appears that the majority of courts have found that allegations of a pattern and practice of discrimination are sufficient to satisfy both the same transaction and common question requirements of Rule 20(a). See, e.g., *Miller v. Hygrade Food Products Corp.,* Case No. 99–1087, 2001 WL 503395, at * (E.D.Pa. May 11, 2001) (denying motion to sever where plaintiffs allege that defendant employs subjective decision making policy designed to discriminate against African–American employees); *Porter v. Milliken & Michaels, Inc.,* Case No. 99–0199, 2000 WL 1059849, at * 1–2 (E.D.La. Aug.1, 2000) (allegations of pattern or practice of discrimina-

tion satisfy both requirements; denying motion to sever even though plaintiffs worked on different floors under different supervisors); *Fong,* 1996 WL 468660, at *3 (denying motion to sever even though plaintiffs held different positions and were terminated at different times and under different conditions where plaintiffs allege pattern of severe disciplinary measures based on age and race); *Hohlbein v. Heritage Mut. Ins. Co.,* 106 F.R.D. 73, 78–79 (E.D.Wis.1985) (denying motion to sever where plaintiffs allege continuing pattern or practice of discrimination with respect to employment of admittedly unrelated individuals); *King v. Ralston Purina Co.,* 97 F.R.D. 477, 480 (W.D.N.C. 1983) (allegations of pattern and practice of unlawful age discrimination sufficient to satisfy Rule 20(a) even though plaintiffs worked in different places and different divisions of company); *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333–1334 (8th Cir.1974) (district court abused discretion in severing claims where plaintiffs alleged company-wide policy designed to discriminate against blacks). See also *Simms v. Oklahoma,* 165 F.3d 1321, 1328 (10th Cir.1999) (evidence of pretext may include employer's policy and practice regarding minority employment).

The Court follows the reasoning of these cases. Plaintiffs allege that defendant demoted them in 1993 due to alleged financial troubles and that since then, defendant has failed to promote them and has paid them less money than white employees. See Complaint at ¶¶ 10–16, 20–26. Plaintiffs claim that defendant's actions are the result of a company-wide pattern and practice of discrimination. At this stage in the proceedings, defendant has not shown that plaintiffs' allegations fail to satisfy the requirements of Rule 20(a). The Court will thus overrule defendant's motion to sever.

Defendant argues that joinder of plaintiffs' claims is prejudicial. Specifically, defendant asserts that if plaintiffs' claims are not severed, each plaintiff can circumvent the limits of discovery and discover information and documents unrelated to his own claims. The Court's protective order, however, prohibits plaintiffs from using such information outside of this lawsuit. See Protective Order (Doc.

# 30) filed March 16, 2001, at ¶ 3. Defendant objects that evidence relating to one plaintiff's discrimination claims is not admissible to determine liability regarding the other plaintiff's claims. The Court will later determine what evidence is admissible at trial. In addition, the Court can always order separate trials under Rule 42(b), Fed.R.Civ.P., if necessary to prevent prejudice to defendant. See, e.g., *Anderson v. Consolidated Rail Corp.,* Case No. 98–6043, 2000 WL 1201456, at *1–2 (E.D.Pa. Aug.10, 2000) (denying motion to sever but granting separate trials where evidence common to all plaintiffs will be limited); *Fong,* 1996 WL 468660, at *2 (courts required to read Rule 21 in conjunction with Rule 42(b)).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Sever Plaintiffs' Claims (Doc. # 21) filed March 2, 2001 be and hereby is **OVERRULED.**