**John Richard Ludbrooke YOUELL, individually and on behalf of certain Underwriters at Lloyd's, London, Subscribing to Certificate No. DOM 3000357, Plaintiff and Counterclaim Defendants,**

v.

**Cynthia GRIMES, et al., Defendants and Counterclaimants.**

No. 00–2207–JWL.

United States District Court, D. Kansas.

Sept. 21, 2001.

Mark A. Shaiken, David E. Everson, Jr., Greta Ann McMorris, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Nancy K Tordai, Anastasia Markakis Nye, Kari A Timm, Hanson & Peters, Barrington, IL, for plaintiff.

John J. Miller, Kansas City, MO, Thomas M. Franklin, Kansas, City, MO, for defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion for Reconsideration (doc. 131). Plaintiff seeks reconsideration of portions of two Orders entered on April 13, 2001. Specifically, Plaintiff seeks reconsideration of the Court's Order (doc. 119) granting Defendants' motion for leave to assert a counterclaim against the Participating Members of Syndicate 79 (doc. 66). Plaintiff also seeks reconsideration of the Court's Order (doc. 120) granting Defendants' Motion to Compel Initial Disclosures (doc. 47–1) as it applied to the Participating Members of Syndicate 79. In addition, Plaintiff seeks reconsideration of the Court's Order (doc. 120) granting Defendants' request for sanctions relating to the Motion to Compel Initial Disclosures (doc. 47–2).

### I. Procedural Background

On August 3, 2001, the Court heard oral argument of counsel regarding joinder of the Participating Members of Syndicate 79 as Counterclaim Defendants. The Court issued an Order on August 8, 2001, directing counsel to discuss possible alternatives to joinder of the Participating Members. *See* doc. 158. The parties were ordered to submit a joint, written report to the Court with an alternative proposal.

The parties have submitted individual reports, which indicate that they have been unable to reach an agreement regarding any alternatives to joinder. *See* doc. 164 and 165. The Court has reviewed the reports, and it does not appear that further discussions would be beneficial or that the parties will be able to agree on any

alternatives to joinder. The Court will therefore proceed to rule on the Motion for Reconsideration.

Before doing so, however, the Court will address four requests that Defendants have made in their report (doc. 165). Defendants request that the Court (1) certify to the Kansas Supreme Court the issue of whether the Unauthorized Insurers Process Act should be enforced in this case; (2) "enter a finding that the Underwriters' refusal to submit to jurisdiction constitutes a breach of Section XII of the Certificate"; (3) order that "all Underwriters be treated as a defending class under Fed.R.Civ.P. 23.2"; and (4) "strike as without proper evidentiary support all of the Attachments which the Underwriters have filed." Doc. 165 at 3.

The Court will decline to consider any of these requests because they are not made in the form of motions and they are made without any supporting memoranda containing legal argument or authorities. *See* D. Kan. Rule. 7.1 and 7.6 (prescribing the form of motions and supporting memoranda). If Defendants wish to pursue these requests they shall file the appropriate motions with supporting memoranda.

The Court will now proceed to rule on Plaintiffs' Motion for Reconsideration.

## II. Standard for Ruling on a Motion for Reconsideration

■ The decision whether to grant or deny a motion for reconsideration is committed to the Court's discretion. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir.1997); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997). In exercising that discretion, this Court has recognized three major grounds for granting reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Brumark*

*Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D.Kan.1998). *See also* D. Kan. Rule 7.3(b) (listing three bases for reconsideration of order).

■ A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), aff'd, 43 F.3d 1484, 1994 WL 708220 (10th Cir. Dec.21, 1994) (table). Such motions are not appropriate if the movant asks the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996).

## III. Reconsideration of the Court's Order Granting Defendants Leave to Assert a Counter—claim Against the Participating Members of Syndicate 79

Plaintiff first seeks reconsideration of the Court's Order (doc. 119) granting Defendants' motion for leave to assert a counterclaim against the Participating Members of Syndicate 79 (doc. 66). Plaintiff asserts that reconsideration is needed with respect to that Order to correct clear error and to prevent manifest injustice.

The Court's Order granted Defendants leave to assert a counterclaim against the Participating Members of Syndicate 79 pursuant to Fed.R.Civ.P. 20(a), which allows for the permissive joinder of claims. Plaintiff argues that reconsideration is necessary because Defendants never requested joinder under that rule. Rather, Defendants requested joinder only under Fed.R.Civ.P. 13, which allows a party to assert a counterclaim against an "opposing party." Defendants argued in their mo-

tion for leave to assert a counterclaim that the Syndicate's Participating Members were "opposing parties" within the meaning of Rule 13 and that joinder was therefore appropriate. Plaintiff argues on reconsideration that because Defendants never raised *Rule 20* joinder, the issue was never fully briefed and the Court should not have considered joinder under that rule.

The Court is not persuaded by Plaintiff's argument. Defendants did not seek joinder exclusively under Rule 13's provisions for asserting a counterclaim against an "opposing party."[1] Defendants also made an alternative request for joinder. Their motion requested the following: "To the extent ... the Participating Members are not 'opposing parties,' [Defendant] seeks leave to name ... the Participating Members as parties to the counterclaim." Doc. 66 at 2.

██ The Court finds this language sufficient to place Plaintiff on notice that joinder was being sought alternatively under Rule 20. This is particularly true in light of Rule 13(h), which provides that a person or entity who is not an "opposing party" may be made a party to a counterclaim under Rules 19 and 20.[2]

Even if the Court were to agree with Plaintiff that the Court should have requested briefing on the application of Rule 20, such briefing would not have changed the Court's ultimate ruling on the motion to join the Participating Members. The Court now has the benefit of Plaintiff's arguments against Rule 20 joinder, and it is not persuaded by those arguments. Ac-

cordingly, the Court will deny reconsideration on this basis.

The second basis upon which Plaintiff seeks reconsideration is that the Court failed to consider whether joinder of the Participating Members of Syndicate 79 would serve the purpose behind Rule 20. Plaintiff correctly points out that the Court's opinion did not address this issue. The Court's opinion instead addressed whether the three factors enunciated in Rule 20(a) had been met.

Although the Court's opinion did not discuss the purpose behind the Rule and whether it would be served by allowing joinder here, the Court, nonetheless, did consider that issue in deciding to allow joinder. The Court concluded that joinder of the Participating Members would further the purpose of Rule 20(a).

As this Court has recognized, "[t]he purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Biglow v. Boeing Co.,* 201 F.R.D. 519, 520 (D.Kan.2001) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1683 at 475 (3d ed.2001)). In allowing joinder in this case, the Court found that joinder of the Participating Members of Syndicate 79 would expedite the resolution of the disputes at issue in the Counterclaim and would prevent the potential for multiple lawsuits. The arguments that Plaintiff sets forth in support of reconsideration do not change the Court's decision.

---

1. Rule 13(a), which deals with compulsory counterclaims, provides that "[a] pleading shall state as a counterclaim any claim ... against an opposing party...." Similarly, Rule 13(b), which deals with permissive counterclaims, allows a pleading to state as a counterclaim any claim against an "opposing party."

2. Rule 13(h) provides as follows: "Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20."

■ The Court finds that joinder would expedite resolution of whether there is insurance coverage and would prevent multiple lawsuits because each Participating Member or "Name" [3] is personally liable to the extent of the percentage share of the risk that the Member has assumed. As the Court stated in its April 13, 2001 Order:

> [The Names are severally liable for their proportionate share of the loss on the insurance contract. *See* Certificate, Introductory Page ("Underwriters do hereby bind themselves each for his own part, and not one for another....").
> *See also* Shears Declaration, ¶ 6 (each individual Name subscribing to the risk is personally liable to the extent of the percentage share of the risk he has assumed). *See also E.R. Squibb & Sons v. Accident & Caves. Ins. Co.*, 160 F.3d 925, 929 (2d Cir.1998) ("[All the Names subscribing to [the Lloyd's] policy are liable for their several shares of any adverse judgment against the Lloyd's underwriters].")]

Doc. 119 at 11.

The Court finds that joinder of the Participating Members of Syndicate 79 is necessary if Defendants are to recover under their Counterclaim, *i.e.*, if they are to be allowed to enforce their rights under the Insurance Certificate and to obtain coverage for the liabilities asserted in the Bales lawsuit, including the $1.7 million dollar settlement proposed by the Balee Plaintiffs. *See* Counterclaim (doc. 50, ¶¶ 8, 12). Joinder is also necessary if Defendants are to recover their attorney fees, which are available under K.S.A. 40–2004. If Plaintiff John Richard Ludbrooke Youell is the only named Counterclaim Defendant, Defendants may recover only against him, and then, only for *his share* of the risk on the Insurance Certificate and his portion of the attorney fees.

Admittedly, the other Participating Members of Syndicate 79 are contractually bound through Clause XII of the Insurance Certificate to abide by the final decision of the Court. But that is no guarantee to Defendants that they will be able to recover on their Counterclaim as to each of the other Participating Members. Defendants could still be faced with having to file lawsuits against each of the other Participating Members to recover under their contractual agreement to abide by the Court's decision. For these reasons, the Court finds that joinder of the Syndicate's Participating Members would clearly serve Rule 20(a)'s purpose of preventing multiple lawsuits.[4]

The Court notes that Plaintiff quotes *Squibb v. Accident and Casualty Ins. Co.*, No. 82 Civ. 7327–JSM, 1999 WL 350857 (S.D.N.Y. June 2, 1999) for the proposition that a suit against *only one* Participating Member (in this case, Youell) will result in a recovery from *all* Members, regardless of the financial condition of the other Members or any internal dispute among them. The *Squibb* case states:

> Lloyd's [of London] maintains a Central Fund through mandatory contributions for all Names in the market to preserve the reputation of Lloyd's as an entity against defaults by individual underwriters on their contractual obligations.

---

**3.** The parties use the terms "Participating Members," "Names," and "Underwriters" synonymously.

**4.** The fact that Defendants are not seeking monetary damages does not change this finding. If the Counterclaim is asserted only against Youell, Defendants might only be able to recover against Youell for his share of the liabilities asserted in the Balee lawsuit. It could also result in Defendants recovering only that portion of their attorney fees for which Youell is individually responsible.

The Central Fund is the "ultimate guarantee" behind every Lloyd's policy.

*Id.*, at *3.

While Plaintiff quotes this decision, Plaintiff never represents to the Court that such a fund presently exists or that it would "guarantee" Defendants' recovery under the Counterclaim in this case. Thus, it still appears that default could occur under the policy. And even if such a fund does exist, the fund is not a party to this lawsuit, and Defendants would not be able to enforce any rights for coverage against the fund or recover their attorney fees against the fund, through this lawsuit.

Plaintiff also argues that the case will be unduly delayed and the Participating Members prejudiced if the case is allowed to proceed against the more than 800 Members of Syndicate 79. Plaintiff explains that many of the Participating Members are potentially liable for only $60 of the $2 million dollar coverage limit. He also states that the Participating Members know nothing about the handling or adjusting of the Balee claim, and that no purpose will be served by adding them to the lawsuit. The Court disagrees. As noted above, the Members should be joined as Counterclaim Defendants if Defendants are to obtain complete relief on their Counterclaim.

The Court also disagrees that joining the more than 800 Participating Members will unduly delay the lawsuit. Plaintiff never provides any support for this conclusory assertion. Additionally, it appears that Plaintiff has ready access to information about the various Participating Members. Plaintiff has already provided to Defendants the identities of the more than 800 Participating Members in Syndicate 79 (in addition to the identities of the other Participating Members of the other Syndicates that share the risk under the Insurance Certificate). Furthermore, to the extent Plaintiff is concerned about the

Participating Members being subjected to unnecessary discovery, the Court can place appropriate limits on any such discovery.

Finally, Plaintiff argues that allowing joinder of the Participating Members of Syndicate 79 will not bring Plaintiff complete relief. Plaintiff explains that the Members of Syndicate 79 bear only fifteen percent of the risk on the Insurance Certificate. Twenty-five other Syndicates are represented on the risk, none of which Defendants have moved to join as Counterclaim Defendants.

The Court will not speculate as to Defendants' reasons for wishing to join only the Members of Syndicate 79. Defendant's decision to limit their Counterclaim to the Members of Syndicate 79, based on whatever reasons, should not work to their disadvantage. The Court finds no reason to reconsider its decision based on Defendants' failure to move to join the other Syndicates' members.

In sum, the Court finds that it did not commit clear error or impose manifest injustice in granting Defendants' motion for leave to assert a counterclaim against the Participating Members of Syndicate 79. Plaintiff's motion to reconsider the Court's April 13, 2001 Order (doc. 119) on this issue will therefore be denied.

## IV. Reconsideration of the Court's Order (doc. 120) Granting Defendants' Motion to Compel Initial Disclosures As It Applied to the Participating Members of Syndicate 79

In the second of its April 13, 2001 Orders (doc. 120), the Court granted Defendants' Motion to Compel Disclosures as it applied to individuals (doc. 47–1). In their Motion to Compel, Defendants sought an order compelling Plaintiff to disclose "each and every participating underwriter in

Syndicate No. 79, and each and every person who has had some role in the handling and adjusting the coverage claims asserted because of the Balee Litigation." Doc. 47 at 6.

As the Court noted in granting Defendants' Motion to Compel, Plaintiff failed to address this issue in his response to the Motion to Compel. The only time Plaintiff even tangentially addressed the issue of witness disclosures was in his opposition to Defendants' motion for sanctions, in which he stated that "Plaintiff has identified in the initial disclosures and in their preliminary witness list all persons who will provide testimony relevant to the matters at issue in this case." Doc. 59 at 5. Because Plaintiff did not directly respond to Defendants' motion to compel witness disclosures and because the Court granted Defendants leave to assert their Counterclaim against the Participating Members of Syndicate 79, the Court ordered Plaintiff "to identify the participating Underwriters in Syndicate No. 79 and the persons who had some role in the handling and/or adjusting of the Balee claim." Doc. 120 at 23.

Now, in his Motion for Reconsideration, Plaintiff states that the Participating Members of Syndicate 79 "have no first-hand knowledge of the handling of and decisions made regarding this claim, nor do they have any knowledge of the allegations in the pleadings, including Defendants' claim of bad faith." Doc. 131 at 13. He thus argues that they fell outside the scope of the disclosures required by Fed. R.Civ.P. 26(a)(1), which, at the time,[5] required Plaintiff to disclose those individuals "likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings." Plaintiff asserts that reconsideration on this issue is necessary to correct clear error and prevent manifest injustice.[6]

The Court is persuaded by Plaintiff's arguments and finds reconsideration to be proper. The version of Rule 26(a)(1) in effect at the time required disclosure of only those individuals likely to have discoverable information regarding "disputed facts" alleged with particularity in the pleadings. At the time the Court ruled on Defendant's Motion to Compel, Plaintiff had not fully informed the Court as to the Participating Members' lack of knowledge regarding the facts of this case. The Court is now convinced that the Participating Members of Syndicate 79 have no knowledge regarding the disputed facts in this case, *i.e.*, those facts that relate to Defendants' bad faith allegations and the handling, investigation, and attempted settlement of the Balee claim. The only involvement that the Participating Members of Syndicate 79 appear to have is that each Member is severally liable for the Member's proportionate share of the loss on the insurance contract. The mere fact that the Participating Members of Syndicate 79 are liable for a portion of any judgment rendered in this case, does not mean, however, that they have knowledge of any of the disputed facts in the case.

---

**5.** The disclosures were made in August 2000, prior to the Rule's amendment, which became effective on December 1, 2000. The Court's references to Rule 26(a)(1) herein are to the pre-amendment version of the Rule.

**6.** Although Plaintiff states in his introduction to the Motion for Reconsideration that he is seeking reconsideration of the Order granting "Defendants' Motion to compel initial disclosures of witnesses," doc. 131 at 1, it appears from his arguments that he is actually seeking reconsideration of only that part of the Order which compelled him to disclose the Participating Members of Syndicate 79. He does not appear to be seeking reconsideration of that part of the Order which compelled him to disclose "the persons who had some role in the handling and/or adjusting of the Balee claim." *See* Doc. 120 at 23.

■ The Court recognizes that a motion for reconsideration should not give the moving party a second chance to present factual material that should have been provided in connection with the original motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996). At the same time, however, reconsideration should be granted when it is necessary to correct clear error or to prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D.Kan.1998). *See also* D. Kan. Rule 7.3(b).

■ Now that the Court has a clear understanding of the Participating Members' lack of knowledge, the Court finds its decision requiring Plaintiff to provide Rule 26(a)(1) information regarding the Participating Members of Syndicate 79 to be clearly erroneous. Furthermore, the Court holds that it would be unjust to require Plaintiff to provide Rule 26(a)(1) information regarding the more than 800 Participating Members of Syndicate 79, where the Members have no knowledge of any of the disputed issues of fact in this case and where the Members' only involvement is that they are potentially liable for a portion of any judgment that might be entered on the Counterclaim. While Defendants may be entitled to obtain certain information regarding the Participating Members through discovery, Defendants are not entitled to receive any of that information through initial Rule 26(a)(1) disclosures. The Court will therefore grant reconsideration of this issue, vacate that portion of its April 13, 2001 Order granting Defendants' Motion to Compel as it applied to the Participating Members of Syndicate 79, and deny that portion of the Motion to Compel.

**V. Reconsideration of the Court's Order (doc. 120) Granting Defendants' Request for Sanctions Incurred in Connection with the Motion to Compel Initial Witness Disclosures**

Finally, Plaintiff seeks reconsideration of the Court's Order imposing sanctions against Plaintiff for failing to disclose the Participating Members of Syndicate 79. As set out above, the Court has reconsidered its ruling on the Motion to Compel and it is now denying the Motion to Compel as it applies to the Participating Members. There is thus no basis for the Court to impose sanctions against Plaintiff relating to the disclosure of the Participating Members. The Court will therefore vacate its April 13, 2001 award of sanctions against Plaintiff, and each party shall be responsible for its/his/her own costs and expenses incurred in connection with Defendants' Motion to Compel Initial Witness Disclosures.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 131) is denied to the extent it seeks reconsideration of the Court's April 13, 2001 Order (doc. 119) granting Defendants' motion for leave to assert a counterclaim against the Participating Members of Syndicate 79 (doc. 66).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (doc. 131) is granted to the extent it seeks reconsideration of the Court's April 13, 2001 Order (doc. 120) granting Defendants' Motion to Compel Initial Disclosures (doc. 47–1) as it applied to the Participating Members of Syndicate 79. That portion of the Court's June 13, 2001 Order (doc. 120) granting Defendants' Motion to Compel Initial Disclosures (doc. 47–2) as it applied to the Participating Members of Syndicate 79 is hereby vacated, and the Motion to

Compel as it applied to the Participating Members of Syndicate 79 is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (doc. 131) is granted to the extent it seeks reconsideration of the Court's June 13, 2001 Order (doc. 120) granting Defendants' request for sanctions incurred in connection with the Motion to Compel Initial Disclosures (doc. 47–2). The Court's June 13, 2001 award of sanctions against Plaintiff (doc. 120) is hereby vacated, and each party shall be responsible for its/his/her own costs and expenses incurred in connection with Defendants' Motion to Compel Initial Disclosures.

**IT IS SO ORDERED.**