DIRECTV, INC., Plaintiff,

v.

Brian HOSEY, Mary Admire, and Ken Goodell, Defendants.

No. CIV.A.03–2278–GTV.

United States District Court, D. Kansas.

Sept. 11, 2003.

Robert P. Numrich, Todd M. Johnson, Baty, Holm & Numrich, P.C., Kansas City, MO, for Plaintiff.

Dale L. Ingram, Law Office of Dale L. Ingram, Kansas City, MO, Steven D. Horak, Olathe, KS, for Defendant.

### MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff DIRECTV alleges that Defendants surreptitiously intercepted and decrypted DIRECTV's satellite signals using devices intended for that purpose, ultimately to gain free viewing of satellite television programming. The case arises out of Plaintiff's acquisition of shipping records of distributors of devices intended for satellite television signal interception and decryption. Plaintiff brings five Counts against each Defendant in its Complaint. Counts One and Four of Plaintiff's Complaint concern violations of the Cable Communications Policy Act. Count Two alleges interception and disclosure of DIRECTV's electronic communications in violation of 18 U.S.C. § 2511. Count Three alleges possession, manufacture, and/or assembly of devices used for surreptitious interception of electronic communications in violation of 18 U.S.C. § 2512, and Count Five alleges civil conversion.

The case is before the court on Defendant Mary Admire's motion to dismiss (Doc. 13). Defendant Admire makes three arguments: 1) the entire case should be dismissed due to improper joinder under Fed.R.Civ.P. 20; 2) Count Three of Plaintiff's Complaint should be dismissed because no private cause of action exists for violations of 18 U.S.C. § 2512; and 3) Counts Two and Three of Plaintiff's Complaint should be dismissed because Plaintiff failed to plead that Defendant Admire acted with bad intent. For the following reasons, the court denies Defendant Admire's motion to dismiss due to improper joinder. The court grants the motion to dismiss Count Three of Plaintiff's Complaint. The court denies the motion to dismiss Count Two of Plaintiff's Complaint.

### I. STANDARD FOR JUDGMENT

Defendant Admire moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his

theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

## II. FACTUAL BACKGROUND

The following facts are based upon the allegations in Plaintiff's Complaint. DIRECTV is in the business of distributing satellite television broadcasts to customers throughout the United States who have paid a subscription fee (hereinafter "subscribers"). Subscribers use a satellite dish to receive DIRECTV's satellite signals and an access card to unscramble the signals. The access cards are electronically programmed by DIRECTV to block or unblock television channels and specific programs depending on the customers' subscription level and individual pay-per-view programming choices. While DIRECTV's scrambled satellite signals can be received by any satellite dish, the use of these signals is controlled by DIRECTV through the access cards.

On or about May 25, 2001, DIRECTV obtained the shipping records, email communications, credit card receipts, and other records of several distributors of devices used to receive and decode satellite signals, including Vector Technologies; DSS–Stuff; Shutt, Inc.; Intertek; Whiteviper; and DSS–Hangout. Plaintiff refers to these distributors as the "Fulfillment Pirate Group." Plaintiff also groups a wide variety of devices used to receive and decode signals into one group called "Pirate Access Devices."

Plaintiff alleges that on or about March 30, 2001, Defendant Admire purchased two Pirate Access Devices called "MK2 Unlooper WTX" that are designed to repair access cards that have been rendered unusable in order to allow the card to be reprogrammed to receive DIRECTV signals. Plaintiff further alleges that on that same day, Defendant Admire purchased two other devices called "Cobalt Emulators" that are printed circuit board devices used to intercept DIRECTV signals. Plaintiff alleges that Defendant Admire received these devices in her hometown of Gardner, Kansas through the mail. Plaintiff also alleges that all Defendants had reason to know that such devices are used to illicitly decrypt satellite programming and that Defendants used these devices to display DIRECTV programming without authorization from DIRECTV.

## III. DISCUSSION

As noted above, Defendant Admire has moved for dismissal of the entire case claiming that Plaintiff has improperly joined Defendants under Fed.R.Civ.P. 20. In the alternative, Defendant Admire moves for dismissal of Count Three of Plaintiff's Complaint arguing that there is no civil remedy for violations of 18 U.S.C. § 2512. Defendant Admire also argues that Counts Two and Three of Plaintiff's Complaint should be dismissed because Plaintiff failed to allege the facts necessary to show malice as is required by 18 U.S.C. §§ 2511 and 2512.

### A. *Improper Joinder*

■ Defendant Admire argues that the entire case against her should be dismissed because Defendants in this case

have been improperly joined under Fed. R.Civ.P. 20(a). Rule 20(a) permits joinder of defendants if the plaintiff asserts rights to relief that 1) arise "out of the same transaction, occurrence, or series of transactions or occurrences" and 2) have common questions of fact or law. Rule 20(a) is to be construed broadly and "joinder of claims, parties, and remedies is strongly encouraged." *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D.Kan.2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Misjoinder is not grounds for dismissal. Fed.R.Civ.P. 21. Severance is the proper remedy for misjoinder and "[w]hether to sever claims under Rule 21 is within the court's discretion." *Biglow*, 201 F.R.D. at 519. Defendant Admire's motion to dismiss for improper joinder is denied.

■ To the extent that Defendant Admire seeks severance of Plaintiff's claims, the court declines to grant the request at this time. The court is not prepared to hold that the claims in this case did not arise out of the same "transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20. The case appears to involve common questions of law as required by Rule 20(a). The court determines that no useful purpose would be served by severing these cases because they would likely be consolidated for discovery purposes. In the interest of promoting judicial economy, the case will not be severed. The court reserves the right to sever the cases for trial under Rule 20(b) in order to prevent delay or prejudice.

### B. Private Cause of Action for Violations of 18 U.S.C. § 2512

■ Plaintiff alleges that Defendant Admire has violated 18 U.S.C. § 2512, which prohibits the "manufacture, distribution, possession, and advertising of ... electronic communication intercepting devices." Defendant Admire argues that this claim should be dismissed because § 2512 "only applies to criminal actions and no civil action exists for the plaintiff against this defendant." Defendant Admire bases this argument on the language of 18 U.S.C. § 2520(a) which states, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil cause of action recover from any person or entity ... which engaged in that violation...." 18 U.S.C. § 2520(a) (1994). The words, "intercepted, disclosed, or intentionally used" reflect precisely the activities prohibited by § 2511 rather than those prohibited by § 2512— manufacture, distribution, and possession. Arguably, § 2520(a) could be interpreted in two ways: 1) a civil cause of action exists against those who violate any portion of the chapter [1] or 2) a civil cause of action exists only against those who intercept, disclose, or intentionally use electronic signals. The Tenth Circuit has not addressed the issue, and other courts have disagreed on the resolution.

Defendant Admire relies primarily on *Flowers v. Tandy*, 773 F.2d 585 (4th Cir. 1985). In *Flowers*, the Fourth Circuit held that § 2520(a) "expressly limits those against whom the private action lies to the person who 'intercepts, discloses, or uses ... such communications.'" 773 F.2d at 588. The court reasoned that a broad construction of § 2520(a) would support a civil action against those who violate § 2512 for possession or manufacture of such a device but who do not violate § 2511. *Id.* at 589. The court held that the plain language of § 2520(a) did not support such an outcome and, thus, held

---

**1.** Chapter 119 of Title 18 of the U.S.Code is comprised of sections 2510—2522.

that § 2520(a) does not support a private cause of action for violations of § 2512. *Id.* In addition, the court reasoned that Congress intended § 2512 to protect the larger public from such devices while reserving § 2511 to protect the individual victim and that § 2520(a) reflects this distinction by creating a private cause of action only for violations of § 2511. *Id.*

Defendant Admire also cites *DirecTV v. Amato*, No. CIV. 3:03CV355, 2003 WL 21537206 (E.D.Va. June 20, 2003), which followed the reasoning of *Flowers* and found no private cause of action for violations of § 2512. *Id.* at *4. The *Amato* court analyzed several amendments to the statute and the language of the current version of § 2520(a) and determined that the outcome of *Flowers* was unaffected by those amendments. *Id.*

Plaintiff argues that § 2520(a) creates a private cause of action for any violation of the chapter, including violations of § 2512. Plaintiff relies on *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F.Supp. 1019 (D.Neb.1991), and *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077 (C.D.Cal. 2002). In *Oceanic*, the court held that the current language of § 2520(a) "clearly" confers a private cause of action for violations of § 2512. 771 F.Supp. at 1027. The court provided no other support or reasoning. The court in *EQ Stuff* simply stated that *Oceanic* is persuasive and *Flowers* is not. *EQ Stuff*, 207 F.Supp.2d at 1084 & n. 8.

Plaintiff also points to two recent cases from the same judge in the United States District Court for the Northern District of Illinois. In both *DIRECTV, Inc. v. Gatsiolis*, No. 03 C 3534, 2003 WL 22111097 (N.D.Ill. Aug.27, 2003), and *Directv, Inc. v. Perez*, 279 F.Supp.2d 962 (N.D.Ill.2003), the court held that § 2520(a) does grant a private cause of action for violations of § 2512. No. 03 C 3534, at 4; No. 03 C 3504, at 4. The court reasoned in both cases that a broad construction "decreases the burden on already overextended federal prosecutors to pursue criminal convictions under this statute.... [A] broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications." *Gastolis*, No. 03 C 3534, at 5; *Perez*, No. 03 C 3504, at 4–5.

The court's own research has revealed two additional recent cases finding against DIRECTV on this issue. *See Directv, Inc. v. Childers*, 274 F.Supp.2d 1287 (M.D.Ala. 2003); *DIRECTV, Inc. v. Cardona*, 275 F.Supp.2d 1357 (M.D.Fla.2003). With facts similar to the case at bar, both courts found that § 2520(a) does not provide a private cause of action for violations of § 2512. *Childers*, 274 F.Supp.2d at 1289; *Cardona*, 275 F.Supp.2d at 1366–67. The court in *Cardona* found the reasoning of *Flowers* more persuasive than *Oceanic* and held that "the plain and unambiguous language of § 2520(a) limits those against whom a private action lies to those persons who intercept, disclose, or use electronic communications; that class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters." *Cardona*, 275 F.Supp.2d at 1366–67.

In addition to the express language of § 2520(a), the court in *Cardona* also examined whether a private cause of action for § 2512 could be implied from the statute. *Id.* at 1367–69. The court noted several canons of statutory construction that precluded such an interpretation, including the axiom that "where 'Congress includes particular language in one section of a statute but omits it in another section of the same Act', it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Id.* at 1368–69 (quoting *United*

*States v. Saunders,* 318 F.3d 1257, 1264 (11th Cir.2003) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (internal citations and quotations omitted))). The court reasoned that § 2520(a) should not be construed to allow private causes of action for violations of § 2512(1)(b) because Congress expressly included the language of § 2511(1) in § 2520(a) and did not include the language from § 2512(1)(b).

This court finds the reasoning of *Flowers* and *Cardona* to be persuasive. Despite changes in the language of the statute since *Flowers,* the plain language of the current § 2520(a) creates a private cause of action only against those who intercept, disclose, or intentionally use wire, oral, or electronic communication. This construction is consistent with the canon of construction followed in *Cardona* as well as the "elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 14–15, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) (citations and internal quotation marks omitted). The court concludes that no private cause of action lies for violations of 18 U.S.C. § 2512. Count Three of Plaintiff's Complaint makes such a claim, and Defendant Admire's motion to dismiss Count Three is therefore granted.

### C. Failure to plead violations of 18 U.S.C. §§ 2511 & 2512 with requisite intent

Defendant Admire contends that Plaintiff must allege bad faith or malice in order for a criminal penalty to lie under § 2512. Defendant Admire claims that if this court finds that a private cause of action exists for violations of § 2512, then malice is also required for alleged violations of § 2511. Defendant Admire cites *U.S. v. Saffo,* 227 F.3d 1260 (10th Cir.2000), as her authority for this assertion.

As this court has determined that no private cause of action lies for violations of § 2512, Defendant Admire's motion to dismiss Count Three of Plaintiff's Complaint on this basis is moot. Plaintiff has sufficiently pleaded a violation of § 2511. Defendant Admire's motion to dismiss Count Two of Plaintiff's Complaint is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant Admire's motion to dismiss (Doc. 13) is granted in part and denied in part. Count Three of Plaintiff's complaint is dismissed.

Copies or notice of this order shall be transmitted to counsel of record.

IT IS SO ORDERED.