**DIRECTV, INC., Plaintiff,**

v.

**Perry LOCKWOOD, et al., Defendants.**

**No. 03–2279–GTV.**

United States District Court,
D. Kansas.

March 18, 2004.

Robert P. Numrich, Todd M. Johnson, Baty, John J. Gates, Baty, Holm & Numrich, PC, Kansas City, MO, for Plaintiff.

Kurt S. Brack, Holbrook & Osborn, PA, Merriam, KS, for Defendant.

### MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff DIRECTV alleges that Defendants surreptitiously intercepted and decrypted DIRECTV's satellite signals using devices intended for that purpose, ultimately to gain free viewing of satellite television programming. The case arises out of Plaintiff's acquisition of shipping records of distributors of devices intended for satellite television signal interception and decryption. Plaintiff brings five Counts against each Defendant in its Complaint. Counts One and Four of Plaintiff's Complaint concern violations of the Cable Communications Policy Act. Count Two alleges interception and disclosure of DIRECTV's electronic communications in violation of 18 U.S.C. § 2511. Count Three alleges possession, manufacture, and/or assembly of devices used for surreptitious interception of electronic communications in violation of 18 U.S.C. § 2512, and Count Five alleges civil conversion.

The case is before the court on Defendants Michael Mielke's and Richard Prentiss's motions to dismiss (Docs. 27 and 29). Both Defendants ask the court to dismiss Counts Three and Five of Plaintiff's Complaint. For the following reasons, the court grants Defendants' motions.

### I. Standard of Review

Defendants move to dismiss certain Counts of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is

entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

## II. Factual Background

Plaintiff has filed numerous cases in this court and around the nation, alleging similar facts against each defendant in each case. The specific facts of this case are not important to the resolution of the motions before the court, but the court will recount the general background of Plaintiff's claims against the defendants in this case and in other cases. The facts as relayed here should not be relied upon for any particular case; they are only intended as general background information.

Plaintiff is in the business of distributing satellite television broadcasts to customers throughout the United States who have paid a subscription fee. Subscribers use a satellite dish to receive Plaintiff's satellite signals and an access card to unscramble the signals. The access cards are electronically programmed by Plaintiff to block or unblock television channels and specific programs depending on the customers' subscription level and individual pay-per-view programming choices. While Plaintiff's scrambled satellite signals can be received by any satellite dish, Plaintiff controls the use of these signals through the access cards.

On various dates, Plaintiff obtained the shipping records, email communications, credit card receipts, and other records of several distributors of devices used to receive and decode satellite signals. Plaintiff then filed suit against the persons identified by the distributors' records, alleging that the only use of the devices is to illicitly decrypt satellite programming, and that the defendants used these devices to display Plaintiff's programming without authorization from Plaintiff.

## III. Discussion

### A. Count Three—18 U.S.C. § 2512

Defendants first argue that, as a matter of law, no civil cause of action exists for violations of 18 U.S.C. § 2512. This court has already addressed the issue in *DI-RECTV, Inc. v. Hosey,* 289 F.Supp.2d 1259 (D.Kan.2003). For the reasons fully discussed in *Hosey,* the court grants Defendants' motions with respect to Count Three.

### B. Count Five—Conversion

█ Defendants next request that the court dismiss Count Five against them because Plaintiff has not alleged that Defendants used the property at issue to the exclusion of Plaintiff's rights, as required by Kansas law. The court will dismiss Count Five on such basis.

█ Under Kansas law, conversion is the "unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." *Gillespie v. Seymour,* 14 Kan.App.2d 563, 796 P.2d 1060, 1066 (1990) (citing *Moore v. State Bank of Burden,* 240 Kan. 382, 729 P.2d 1205, 1210 (1986)). To state a claim for conversion under Kansas law, a plaintiff must allege that he has been deprived of the use of his property. *See United Phosphorus Ltd. v. Midland Fumigant, Inc.,* No. 91–2133–EEO, 1995 WL 646818, at *2 (D.Kan. Oct.13, 1995); *Indep. Drug Wholesalers Group, Inc. v. Denton,* 833 F.Supp. 1507, 1522 (D.Kan.1993).

The key issue before the court is whether Plaintiff's satellite signals can be converted when any unauthorized use is not to the exclusion of Plaintiff. Judge Vratil of this District recently discussed a parallel

issue—whether a patent could be converted under Kansas law. She distinguished an intangible patent from a security interest, which may be converted under Kansas law, and stated:

> Defendant next argues that plaintiff's patent is distinguishable from a security interest and that [Kansas law] does not dictate that a patent is property which can be converted. Kansas law requires that for a conversion claim, defendant must use the property to the exclusion of plaintiff's rights. A patent, on the other hand, is not subject to the same risk of loss. As shown by this case, even if defendant infringes upon plaintiff's patent, plaintiff's patent is still valid—plaintiff retains the right to rely on the patent and seek enforcement of it and plaintiff also retains the right to make his patented product. Because plaintiff's design idea is intangible, it is possible for both plaintiff and defendant to use it. While defendant's use might be improper, defendant has not taken plaintiff's property to the exclusion of plaintiff. Plaintiff has a right to his intangible property, but it is not a right that allows him to bring a conversion claim in Kansas under the present facts. As another court has noted, "it is not uncommon for a person to have an intangible property right without a cause of action in conversion to protect that right." *Miles, Inc. v. Scripps Clinic & Research Found.*, 810 F.Supp. 1091, 1096 (S.D.Cal.1993). Plaintiff's present conversion claim presents just such a right and must be dismissed.

*Malik v. Lynk, Inc.*, No. 99–2015–KHV, 1999 WL 760217, at *2 (D.Kan. Aug.18, 1999) (citations omitted). Judge Vratil also noted that she was not "suggest[ing] that a patent right could never be a proper basis for a conversion claim." *Id.* at *2 n. 1. She stated that she could "envision scenarios where defendant uses plaintiff's patent and also prevents plaintiff from using the patent." *Id.*

The court finds Judge Vratil's reasoning persuasive. Plaintiff does not allege that Defendants used its property to Plaintiff's exclusion. Plaintiff fails to allege, and rationally is incapable of alleging in good faith, that Plaintiff is deprived of its signal any time there is unauthorized use of its signal. Because Plaintiff's signal is intangible, it is possible for Plaintiff, its customers, and unauthorized users to use the signal simultaneously. Because Plaintiff is unable to allege that Defendants used its intangible property to Plaintiff's exclusion, Plaintiff alleges in a conclusory manner that Defendants unlawfully converted its property for their own commercial use and benefit. Such an allegation is insufficient to survive a motion to dismiss.

The court recognizes that several cases have defined conversion under Kansas law without mentioning the word "exclusion." *See, e.g., Rajala v. Allied Corp.*, 919 F.2d 610, 633 (10th Cir.1990) (requiring some "actual interference with" the owner's possession of the property for a conversion claim) (citation omitted); *Indep. Drug Wholesalers Group, Inc.*, 833 F.Supp. at 1522 (defining conversion as the "unauthorized assumption and exercise of a right of ownership over goods or personal chattels belonging to another, *to the alteration of their condition or* the exclusion of the owner's rights") (emphasis added) (citations omitted); *Temmen v. Kent–Brown Chevrolet*, 227 Kan. 45, 605 P.2d 95, 99 (1980) (defining conversion as the unauthorized exercise of the right of ownership over property by another). The court has reviewed those cases, and concludes that whether the property was taken to the exclusion of the plaintiff in those cases was not at issue. The cases are not instructive on the issue at hand.

■ The court is also reluctant to recognize a cause of action for conversion in the instant case because the property at issue is intangible. Plaintiff has cited several district court cases holding that an action for conversion may lie when the subject is intangible personal property. *See, e.g., DIRECTV, Inc. v. DiSalvatore,* No. 02–00706, 2003 U.S. Dist. LEXIS 23822, at *18 (N.D.Ohio May 21, 2003); *Don King Prods./Kingvision v. Lovato,* 911 F.Supp. 419, 423 (N.D.Cal.1995); *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.,* 650 F.Supp. 838, 848 (D.Mass.1986). The court does not dispute that in some instances, intangible property may be converted, *see, e.g., Resolution Trust Corp. v. Heights of Tex., FSB,* No. 89–2099–O, 1991 WL 205040, at *4 (D.Kan. Sept. 17, 1991), 1991 U.S. Dist. LEXIS 14255, at *12–13, but none of the cases Plaintiff cites provide the support Plaintiff needs to save its claim.

The *DiSalvatore* district court held that while "[i]t is not immediately obvious that the common law conversion claim for taking of personal property has been expanded to the point of allowing a claim for the taking of an interest that is neither tangible nor exclusive," finding the defendants liable for conversion under the unique circumstances of the case was appropriate. 2003 U.S. Dist. LEXIS 23822, at *18. In *DiSalvatore,* the summary judgment motions were unopposed. *Id.* at *2.

In *Don King,* the court held that broadcast television signals were intangible property that were nevertheless capable of being converted. 911 F.Supp. at 423. The court made the determination under California law, which does not require unauthorized use of property to the exclusion of the owner's rights. *Id.* ("In California, conversion has three elements: (1) ownership or right to possession of property, (2) wrongful disposition of the property right of another, and (3) damages.") (citations omitted). The *Quincy Cablesystems* court made a similar determination, based on Massachusetts law that does not require that the owner be excluded from using the property. 650 F.Supp. at 848. Both cases are distinguishable for this reason.

As a final note, Plaintiff alternatively asks the court to grant Plaintiff leave to amend to properly plead Counts Three and Five if the court determines that they do not state a cause of action. Such relief is denied, as the court fails to see how good faith amendment of either of the claims could rectify the deficiencies identified in this Memorandum and Order.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants Michael Mielke's and Richard Prentiss's motions to dismiss (Docs. 27 and 29) are granted. The court dismisses Counts Three and Five of Plaintiff's Complaint against these Defendants.

**IT IS SO ORDERED.**