ORDER DENYING DEFENDANT KIMBALL’S MOTION TO DISMISS
 

 DONALD, District Judge.
 

 Before the Court is Defendant Jennifer Kimball’s motion to dismiss the fifth claim of Plaintiff DIRECTV’s Complaint. Plaintiff alleges Defendant illegally intercepted satellite signals in violation of the Federal Communications Act of 1934, 47 U.S.C. § 605; the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521; Tennessee Code Annotated §§ 7-59-109, 39-13-601, 39-14-104; and Tennessee common law. Defendant denies that she acted contrary to law and that the Electronic Communications Act provides a civil cause of action. The Court has jurisdiction pursuant to 28 U.S.C. § 1367. For the following reasons, the Court DENIES Defendant’s motion for dismissal.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 Plaintiff operates a direct broadcast satellite system, offering television programming to residential and business customers on a subscription and pay-per-view basis. Plaintiffs technology encrypts its satellite transmissions to prevent unauthorized viewing. Each customer must obtain a DIRECTV Access Card and other system hardware in order to view Plaintiffs programming in decrypted format.
 

 On May 25, 2001, Plaintiff executed writs of seizure, with the assistance of local law enforcement. Plaintiff found a substantial body of sales records, shipping records, email communication, and credit card receipts that allegedly evidence Defendant’s purchase of an illegal pirate ac
 
 *MLXXXVII
 
 cess device. The instant case is one of many cases filed in the Western District of Tennessee on this information.
 

 Defendant is a resident of Millington, Tennessee. On or about July 7, 2000, she allegedly purchased one or more pirate access devices from White Viper Technologies. She placed this order by using interstate wire facilities and received her order via a commercial mail carrier. Plaintiff also alleges that she has used this device to decrypt its television programming.
 

 Plaintiff filed this action on December 17, 2002. On October 10, 2003, Defendant filed this motion to dismiss the fifth claim of Plaintiffs Complaint. The fifth claim concerns Defendant’s alleged violation of the Electronic Communications Act, 18 U.S.C. § 2512(1)(B). Though Plaintiffs response was due on November 10, 2003, Plaintiff has failed to file a response to date.
 

 II. MOTION TO DISMISS STANDARD
 

 Federal Rule of Civil Procedure 12(b)(6) enables a defendant to file a motion to dismiss for a plaintiffs failure to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are designed to test “whether a cognizable claim has been pleaded in the complaint.”
 
 Scheid v. Fanny Farmer Candy Shops, Inc.,
 
 859 F.2d 434, 436 (6th Cir.1988). Dismissal under Rule 12(b)(6) is appropriate where there is no set of facts which would entitle the plaintiff to recover.
 
 Hammond v. Baldwin,
 
 866 F.2d 172, 175 (6th Cir.1989). In reviewing a defendant’s Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.
 
 Meador v. Cabinet for Human Res.,
 
 902 F.2d 474, 475 (6th Cir.1990). If an allegation is capable of more than one inference, it must be construed in the plaintiffs favor.
 
 Sinay v. Lamson & Sessions Co.,
 
 948 F.2d 1037, 1039-40 (6th Cir.1991). As the Supreme Court has said, “[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.”
 
 Hishon v. Spalding,
 
 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).
 

 III. ANALYSIS
 

 Defendant moves to dismiss the fifth claim of Plaintiffs Complaint. Count five alleges that Defendant illegally possessed and used pirate access devices to view Plaintiffs satellite transmissions of television programming in violation of 18 U.S.C. § 2512(l)(b). (ComplV 34-38.) Title 18, United States Code § 2512(l)(b) outlaws the possession of a device that has traveled in interstate commerce and is primarily used for the purpose of “surreptitious interception of wire, oral, or electronic communications.” This is a criminal statute, but Plaintiff relies on 18 U.S.C. § 2520(a) to provide a civil remedy. The section reads,
 

 Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 U.S.C. §§ 2510-2522] may in a civil action recover from the person or entity, other than the United States, which engages in that violation such relief as may be appropriate.
 

 18 U.S.C. § 2520(a).
 

 The question before the court is whether the prohibitions of § 2512 are within the purview of § 2520 so as to create a civil remedy for violations of § 2512.
 

 Courts that have addressed this question are split almost evenly. Courts holding that § 2512 does not provide a civil
 
 *MLXXXVIII
 
 remedy have reasoned that § 2520’s civil remedy is limited to violations of § 2511 because the words “intercepted, disclosed, or intentionally used,” as used in § 2520(a), are the activities prohibited by § 2511 and cannot be read to encompass those prohibited by § 2512 — i.e., the manufacture, assembly, distribution, and possession of interception devices. Thus, those courts construe § 2520 as providing for civil recovery only with respect to activities prohibited by § 2511 (the actual interception, disclosure, and/or use of the victim’s communication), and not those prohibited by § 2512 (the mere possession or assembly of an interception device).
 
 See, e.g., DIRECTV, Inc. v. Hosey,
 
 289 F.Supp.2d 1259 (D.Kan.2003);
 
 DIRECTV, Inc. v. Childers,
 
 274 F.Supp.2d 1287 (M.D.Ala.2003) (rejecting the argument that a private cause of action exists for both §§ 2512 and 2511);
 
 DIRECTV, Inc. v. Cardona,
 
 275 F.Supp.2d 1357 (M.D.Fla.2003);
 
 cf. Floivers v. Tandy Corp.,
 
 773 F.2d 585 (4th Cir.1985) (interpreting § 2520(a) as it read prior to the 1986 amendments and holding that the statute provided no private right of action for violations of § 2512).
 

 Courts holding that § 2520 does not provide a civil remedy have also reasoned that the use of an illegal electronic device, as prohibited by § 2511, creates a victim, thereby justifying a private cause of action under that section, but the mere possession of such a device, as prohibited by § 2512, creates no individualized harm and, thus, no justification for private recovery.
 
 See, e.g., Flowers,
 
 773 F.2d at 589. These courts have also relied on the fact that § 2512(l)(b) already provides for an enforcement mechanism through criminal sanctions (violators shall be “fined ... or imprisoned not more than five years, or both”), which “is problematic because the express provision of one method of enforcement suggests that Congress intended to preclude others.”
 
 Cardona,
 
 275 F.Supp.2d at 1368.
 

 Some courts that have found that § 2512 does provide for a civil remedy have read the statute to require the plaintiff not only plead and prove that the defendant possessed the illegal device but also that he used the device.
 
 See DirecTV, Inc. v. Karpinsky,
 
 269 F.Supp.2d 918,
 
 vacated on other grounds,
 
 274 F.Supp.2d 918 (E.D.Mich.2003);
 
 DirecTV, Inc. v. Moreno,
 
 2003 WL 22927883 (D.N.J. Dec.11, 2003).
 

 This court agrees with those courts’ holding that § 2512 provides for civil as well as criminal liability. However, in order for civil liability to attach under § 2512, in accordance with
 
 Karpinsky
 
 and
 
 Moreno,
 
 a plaintiff must show that the defendant not only possessed an illegal device but also used that device. In the present case, Plaintiff alleges that Defendant purchased and used illegally modified access cards that are designed to permit viewing of Plaintiffs television programming without authorization by or payment to Plaintiff. Therefore, Plaintiff stated a claim under 18 U.S.C. § 2512, and Defendant’s motion to dismiss is denied.
 

 IV. CONCLUSION
 

 For the reasons stated herein, the Court finds that Defendant failed to establish that there are no set of facts where Plaintiff would recover on his wiretapping claim pursuant to 18 U.S.C. § 2512(l)(b). Accordingly, the Court DENIES Defendant’s motion for dismissal.
 

 IT IS SO ORDERED this_day of_2004.